### W. W. JONES v. GULF, COLORADO & SANTA FE RAILWAY COMPANY.

#### Decided April 8, 1903.

**1.—Fraud—Release of Damages—Personal Injury—Pleading.**

Where the averments of plaintiff's petition showed that the claim agent and three physicians in the employ of the defendant company made false representations to plaintiff and his wife as to the extent of her injuries for the fraudulent purpose of procuring a release of damages, when they knew or should have known of the severity of the injuries, it was error for the court to sustain a demurrer to the pleading.

**2.—Same—Reliance on Representations—Estoppel.**

Where one states a fact which is or should be within his knowledge, intending that it be believed and acted on as true, he should not ordinarily be heard to say that the other party ought not to have believed him, there being nothing to show to such other the falsity of the representations.

**3.—Same—Unskillful Medical Treatment.**

Plaintiff could show by parol evidence that as an inducement for him to execute the release the defendant undertook to have plaintiff's wife treated by its physicians, and for unskillful treatment so furnished defendant would be liable, although the release should be set aside for fraud in its procurement.

**4.—Same—Tender Back of Money Paid.**

Where the release has been procured by fraud it is not necessary for the plaintiff to pay into court the money received for its execution in order to have it set aside.

Appeal from the District Court of Montgomery. Tried below before Hon. L. B. Hightower.

*A. W. Boyd* and *A. H. James,* for appellant.

*F. J. & R. C. Duff,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought by W. W. Jones against the Gulf, Colorado & Santa Fe Railway Company to recover damages for personal injuries received by the wife of the plaintiff while a passenger on one of the defendant's trains, and to that end to set aside a release executed by the plaintiff to the defendant. Demurrers to the petition were sustained by the trial court, and the plaintiff declining to amend, final judgment was rendered in favor of the defendant.

After allegations to show that the plaintiff's wife received the injuries complained of, and that they were the result of the negligence of the

defendant, and the damages sustained thereby, the petition alleged the following facts to avoid the release:

"That defendant's servants, to wit, Drs. Peeples, Phillips, and H. Waters, and defendant's claim agent, Evans, examined plaintiff's wife as to the extent of her injuries within a short time after said collision, and before the signing of the release, each of whom recognizing and knowing defendant's liability to plaintiff for said injuries, that for the purpose of obtaining a release from plaintiff for the damages aforesaid, and for the purpose of deceiving plaintiff and inveigling him to execute a release for said injuries, the said physicians and claim agent, acting for and representing said defendant, stated to plaintiff that his wife was only slightly injured, and that she would be well in a few weeks, and would be able to do and perform her usual duties; that she was not severely hurt; that she had not sustained any injuries except those apparent upon her person, which consisted of slight bruises and the shake-up attending the sudden jar at the time of the collision, which statements and representations were untrue and known to be untrue to said physicians at the time. If they were not so known, they should have been known to them at the time, and could have been known by their skill as physicians. That plaintiff believed said representations to be true at the time, and acted upon them and each of them in making and executing the release hereinafter referred to; that said statements and representations were untrue and made for the sole purpose to induce him to sign said release. That plaintiff did not know of their falsity, and had no means of knowing the extent of said injury except through said physicians, who were acting as the agents of the defendant. That he believed the statements of the physicians and claim agent at the time he executed said release. That he would not have signed said release if he had known the falsity of said statements made as aforesaid. That he relied solely upon the truthfulness of the representations made by defendant's physicians. That his wife was and is permanently injured to the extent of fifteen thousand dollars."

The averments of the petition show that the claim agent and three physicians in the employment of the defendant made false representations to the plaintiff and his wife as to the extent of her injuries for the fraudulent purpose of procuring the release, when they knew or should have known of the severity thereof. The allegations are sufficiently full to show that a fraud was practiced upon the plaintiff. On account of their special knowledge it was reasonable that the plaintiff and his wife should believe the representations of the physicians. "While it is true that a person can not assert an estoppel based upon a representation which under the circumstances he ought not to have believed and acted upon, it is we think equally true that where one states a fact which is or should be within his knowledge, intending that it be believed and acted on as true, he should not ordinarily be heard to say that the other party ought not to have believed him, there being nothing to show to such other the falsity of the representations." Parish v. Hawes, 3

Texas Ct. Rep., 845. In the case of Houston & T. C. Ry. Co. v. McCarty, 94 Texas, 298, it was held that where a party who has a claim against another for personal injuries agrees upon a settlement of his claim and accepts a sum of money in settlement of such claim, he is, in the absence of fraud or concealment, concluded by the settlement. But this conclusion was based on the ground that there was no fraud in the transaction. The petition in this case sets up facts which if true, and upon demurrer they must be taken to be true as alleged, should avoid the release. It was alleged that the physicians were in the employment of the company, and that the representations made by them were fraudulently made for the purpose of deceiving the plaintiff and his wife and obtaining the release. Under the circumstances set out in the petition the defendant is estopped to say that the plaintiff should not have relied on the statements of its agents. The allegations above quoted, taken with other allegations in the petition, are also sufficiently full to show fraud on the part of the claim agent.

Parol evidence would be admissible to show that as an inducement for the plaintiff to execute the release the defendant undertook to have plaintiff's wife further treated by its physicians and to pay her board bill. Downey v. Hatter, 48 S. W. Rep., 32. If the defendant furnished medical treatment to the plaintiff's wife in consideration of the execution of the release, it would be liable for unskillful treatment, although the release should be set aside on account of fraud in its procurement. If a release has been procured by fraud it is not necessary for the plaintiff to pay into court the money received for its execution in order to have it set aside. McCarty v. Railway Co., 21 Texas Civ. App., 568, 54 S. W. Rep., 421.

For the error of the court below in sustaining the demurrers to the petition the judgment is reversed and the cause is remanded for trial on the merits.

*Reversed and remanded.*