CHICAGO, R. I. & G. RY. CO. v. GREEN.†

(Court of Civil Appeals of Texas.   March 4, 1911.   Rehearing Denied March 25, 1911.)

1. TRIAL (§ 296*) — HARMLESS ERROR — IN-STRUCTIONS.

In a personal injury action, any error of instruction tending to induce the jury to believe that if, when plaintiff accepted a draft and executed a release, he did not know that defendant's agent intended the money as payment for the injuries, the release was not binding, was rendered harmless by another instruction that, unless the agent fraudulently concealed from plaintiff the contents of the instrument, or fraudulently led him to believe that it was a mere receipt for money paid for plaintiff's expenses, or unless he was by some means fraudulently induced to sign, not knowing the contents or the effect of the instrument, the release would be binding.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713;  Dec. Dig. § 296.*]

2. RELEASE (§ 17*) — PERSONAL INJURIES — FRAUD.

Release of claim against a railroad company for negligent injury to a passenger does not affect his right to recover, if he signs a release believing it to be a receipt, and acting upon the company's agent's reading of it, or upon the agent's statement that it was in payment for expenses, and if the agent intentionally concealed the nature of the release.

[Ed. Note.—For other cases, see Release, Cent. Dig. § 32;  Dec. Dig. § 17.*]

3. RELEASE (§ 57*)—FRAUD—EVIDENCE—SUF-FICIENCY.

Evidence held to show that a release of claim for personal injury to a passenger was obtained by a claim agent without consideration, through fraudulent concealment of its nature, and that the passenger was not negligent in failing to have the instrument read.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 106–108;  Dec. Dig. § 57.*]

4. RELEASE (§ 59*)—INSTRUCTIONS.

On an issue of validity of a release of claim for personal injuries, an instruction ignoring want of consideration to support the release was properly refused.

[Ed. Note.—For other cases, see Release, Cent. Dig. § 115;  Dec. Dig. § 59.*]

5. TRIAL (§ 260*)—INSTRUCTIONS—REFUSAL—MATTER COVERED.

Instructions covered by those given are properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659;  Dec. Dig. § 260.*]

6. TRIAL (§ 263*)—INSTRUCTIONS—REQUESTS.

One who requests several instructions on the same point cannot complain that one refused should have been given instead of the one selected and given by the court.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 662, 663;  Dec. Dig. § 263.*]

Appeal from District Court, Dallas County;  Kenneth Foree, Judge.

Action by B. M. Green against the Chicago, Rock Island & Gulf Railway Company. Judgment for plaintiff, and defendant appeals.   Affirmed.

N. H. Lassiter, Robt. Harrison, and Neill & Webb, for appellant.   Hart & Hart and Wood & Wood, for appellee.

TALBOT, J.   The appellee sued the appellant for damages sustained by reason of personal injuries inflicted upon him through the negligence of appellant's servants. Plaintiff alleged, in substance, that on November 30, 1907, he was a passenger upon one of the defendant's passenger trains en route from Granite, Okl., to his home in Wood county, Tex.; that defendant's servants in charge of said train carelessly and negligently stopped and detained the same on the main line track of defendant's road a few miles from the town of Bridgeport, in Wise county, Tex.; that, while said train was so detained, another train of the defendant, through the negligence of the defendant's servants, collided with the rear of the train upon which plaintiff was a passenger, and as a result thereof plaintiff was violently thrown from his position or seat and received serious and permanent injuries to his right shoulder and hand, to his damage in the sum of $10,-000.   Plaintiff further alleges that he has never received from said defendant any sum of money in compensation for his injuries; that defendant falsely claims that plaintiff, in consideration of the sum of $40 paid him by one of its agents, Crenshaw, executed a release to it for all damages and claim for damages arising from said injuries; that, if plaintiff executed or signed any instrument purporting to be a release by plaintiff of the damages he had sustained by reason of his said injuries, he did not know that such was the character of the instrument; that when plaintiff reached the city of Ft. Worth, which was on the same day he was injured, an agent of defendant importuned plaintiff to go with him to the office of a physician in the employ of the defendant and submit to an examination by said physician; that at said agent's request plaintiff accompanied him to the office of the railway company's physician and submitted to an examination by said physician; that said physician, in the presence and hearing of said agent, informed plaintiff that he (plaintiff) was only slightly hurt, that he had sustained only a slight bruise on his shoulder, and that he would entirely recover from same in from eight to ten days and would then be able to perform his usual duties, in all of which the said agent then and there concurred; that immediately after said examination, and while in the office with said physician, the said agent of defendant stated that he wished plaintiff to accept $50 as a gift from the defendant, as the defendant was willing and desired to pay the expenses of all who were upon the train that was wrecked; that plaintiff, in reply, stated to said agent that if he (plaintiff) had sustained no injuries, or injuries no worse than the railway company physician said he had sustained, he wished no money from the railway company; that, notwithstanding this, he (plaintiff) was

† Writ of error denied by Supreme Court.

detained in said physician's office, and said agent again remarked that the $50 was a gift from defendant to enable him (plaintiff) to reach his destination without inconvenience and to pay the expenses incurred by plaintiff by reason of the delay resulting from the collision and wreck; that, in pursuance of his said declarations and pretensions, the said agent of defendant gave to plaintiff a check for money, represented to be for the sum of $50, but which was in fact for only $40; that said check was accepted by plaintiff only for the purpose for which it was represented to be, namely, for the payment of his expenses and as compensation for the inconvenience suffered by reason of the delay caused by the wreck; that, when plaintiff accepted said check, said agent presented to plaintiff an instrument for him to sign; that plaintiff was uneducated and could not read said instrument, and the same was not read to him; that said agent represented said instrument to be a receipt for the check which he had given plaintiff, and plaintiff, believing said representation to be true, and acting upon the same, signed it by mark; that, had he known the contents of said instrument, he would not have signed it.

The defendant pleaded that on November 27, 1907, it settled and adjusted the plaintiff's claim for a consideration of $40 paid to him, and that he executed a release therefor, fully releasing the defendant from any further claim or liability; and specially denied that this release was obtained by any fraud or misrepresentation; and averred that the plaintiff freely and voluntarily signed it with a full understanding of its contents. In reply to defendant's answer, the plaintiff pleaded that the release set up was without consideration, and substantially the same facts in regard thereto as were set forth in his original petition. The case was tried on February 24, 1910, and a verdict returned in the plaintiff's favor for the sum of $4,-960. The defendant's motion for a new trial being overruled, it perfected an appeal to this court.

The evidence was sufficient to establish the material allegations of the plaintiff's petition, and to authorize a recovery by plaintiff for the amount awarded by the verdict of the jury.

Appellant's first assignment of error charges that the fourth paragraph of the court's charge is erroneous, because it was "calculated to induce the jury to believe that if, when the plaintiff accepted the draft and executed the release, he did not know that the agent, Crenshaw, intended the money as a payment for his injuries, the release was not binding." We do not think the charge is subject to this criticism. In this view we are sustained by the case of Railway Co. v. Cain, 37 Tex. Civ. App. 531, 84 S. W. 682. The Court of Civil Appeals for the Second district held in that case, in effect, upon facts quite similar to the facts

in the case at bar relative to the payment of the $40 and execution of the release by plaintiff, that an instruction identical with the one here complained of was not objectionable as charging that the plaintiff was bound by the release pleaded by the railway company only in the event the agent intended the check as a payment for all claims, and the plaintiff accepted it and executed the release with knowledge that such was his intention. But, if the charge as framed was erroneous for the reason asserted by the appellant, the error was cured and rendered harmless by special charges given at the request of appellant, one of which reads thus: "Unless you find from the evidence in this case that the agent or agents of defendant fraudulently concealed from plaintiff the contents of the instrument signed by him, or fraudulently led him to believe that it was a mere receipt for money paid to him for his expenses, and not a release of the company from damages, or that he was by some means fraudulently induced by defendant's agents to sign said instrument not knowing the contents or the effect thereof, the release introduced in evidence would be binding upon him and would be a good defense to this suit against defendant; and in this connection you are further charged that if the plaintiff, not being able to read, signed said release without asking or inquiring as to the contents or the effect of said instrument, and that no false representations were made to him about the contents thereof by defendant's agents or agent, and that no false representations were made to him about his condition as the result of the injuries received by him (by defendant's agents or employés) in the railroad accident under circumstances that would be a fraud upon him, then in that event your verdict should be for the defendant in this case."

In the fifth paragraph of his charge the court instructed the jury as follows: "If you find from the evidence that the plaintiff signed the release as shown by the evidence and believing the same to be a receipt, and that he acted upon the reading of it by the agent of the defendant, or upon his statement that it was in payment for expenses, that the true nature of the instrument was not disclosed or explained to plaintiff, and that he would not have signed such release if he had known the contents of said instrument, and the claim agent of the defendant intentionally concealed the nature of the release from the plaintiff and knew that the plaintiff was ignorant of the character of the instrument, and said concealment was made by the claim agent of the defendant to induce plaintiff to execute the same without investigation, and without knowledge of its real meaning, then you are instructed that the said release would not affect the right of plaintiff to recover the damages sued for, if you find, from the evidence and law as herein given you, that he had any

right to recover." It is claimed that this charge is erroneous because: (1) There is no evidence that said agent intentionally concealed the nature of the release from the plaintiff; (2) there is no evidence that the defendant's agent stated that the money paid him, and on account of which he signed the release, was in payment of expenses; (3) "the release is not invalidated merely by the plaintiff believing it to be a receipt when he signed it and by his acting upon the reading of it by the agent of the defendant, unless it was misread, or upon the agent's statement that the money was in payment of expenses, and that the true nature of the instrument was not explained to the plaintiff, and that the claim agent intentionally concealed the nature of the release from the plaintiff; that, before the plaintiff can escape the binding force of a release signed by him, he must have been induced to sign it by misrepresentations as to its contents, and the release is not invalidated by the claim agent's silence." This assignment should not, in our opinion, be sustained. The charge, as applied to the facts of this case, stated a correct proposition of law. The evidence was sufficient to warrant a finding by the jury that the agent of appellant purposely concealed from appellee the nature of the instrument he was called upon to execute; that by reason of the apparent solicitude of said agent to secure the plaintiff, and others who had been delayed by the wreck, from loss on account of such delay, by a gift of such a sum of money as would cover such loss, and by said agent's repeated declaration that the check was given him for that purpose, plaintiff was deceived and induced to sign said instrument without having it read to him, and without knowing the contents of the same. The jury was also authorized to find that appellant's agent, in obtaining the release in the manner he did, perpetrated a fraud upon plaintiff; that plaintiff was not, under the circumstances in which he was placed, guilty of negligence in failing to ask that the instrument be read to him. Railway v. Cain, supra; Railway v. Shuford, 36 Tex. Civ. App. 251, 81 S. W. 1189; Railway v. Harris, 65 S. W. 885; Jones v. Railway, 32 Tex. Civ. App. 198, 73 S. W. 1082.

We think the case is distinguishable in the facts from the cases cited by appellant and is not ruled by either of those cases.

The third, fourth, fifth, sixth, seventh, and eighth assignments of error complain of the court's refusal to give certain special charges requested by the appellant. There was no error in refusing these charges. The fourth, fifth, seventh, and eighth were defective in that each of them ignored an essential element of a correct charge on the subject to which they related, namely, want of consideration to support the release. But,

if the charges stated correct propositions of law applicable to the facts, then there was no error in refusing them for the reason that each was fully covered by some other special charge requested by the appellant. Again, all of said charges relate to the same issue or issues, and, the court having selected and given other charges requested by appellant upon said issue or issues, appellant is in no position to complain that those in question were not given, instead of those selected by the court, or to insist that all should have been given. Railway Co. v. Ford, 118 S. W. 1137.

Appellant's ninth and last assignment is that the court erred in overruling its motion for a new trial because the verdict of the jury is against the overwhelming preponderance of the evidence. In this view of the evidence we do not concur and have so expressed ourselves, in effect, in the statement of the case and in discussing the second assignment of error. Contrary to the view taken by counsel for appellant, we think the evidence sufficient to justify the conclusion that the release in question was without consideration; that it was neither read to the plaintiff nor explained to him before he signed it; that appellant's agent represented said release to be a receipt for money paid appellee to cover the expenses he would incur by reason of the delay occasioned by the collision of the trains; or that his acts, conduct, and statements with reference to the same were equivalent to a positive misrepresentation of the contents of the instrument, and calculated to, and did, mislead the plaintiff as to the true contents of the same and constituted a fraud upon him. The testimony of the plaintiff, strengthened, as we think it is, by the admitted words, acts, and methods of the defendant's agents in securing the release, is sufficient to warrant the above conclusions and sustain the verdict of the jury.

Believing that appellant's assignments of error disclose no reversible error, and that the proper judgment has been rendered in the case, said judgment will be affirmed.

Affirmed.