**DUNCAN v. TEXAS EMPLOYERS' INS. ASS'N.**

**No. 9957.**

Court of Civil Appeals of Texas. San Antonio.

March 17, 1937.

Rehearing Granted April 21, 1937.
Rehearing Overruled May 19, 1937.

Jones & Kirkham and John J. Pichinson, all of Corpus Christi, for appellant.

Eskridge & Groce and Walter Groce, all of San Antonio, for appellee.

SMITH, Chief Justice.

This action was brought by Dorothy Ann Duncan against Texas Employers' Insurance Association to set aside, on the ground of fraud, a prior agreed settlement of her claim for injury sustained by her as an employee, under the provisions of the Workmen's Compensation Act (Vernon's Ann.Civ.St. art. 8306 et seq.). The settlement was duly approved by the Industrial Accident Board, which afterwards refused to set it aside, upon application of the employee, based upon the alleged fraud of the insurance carrier in procuring it. It is conceded that the employee was accidentally injured in the course of her employment with the Plaza Hotel Company of Corpus Christi, and was entitled to compensation under the act, on account of that injury. Although the jury found, after a trial below, that the settlement was procured through false representations made to the employee by the insurer's physician and claim agent, the trial judge, notwithstanding those findings, rendered judgment refusing to set aside the compromise agreement. The employee has appealed. The parties will be designated as plaintiff and defendant, respectively, as in the court below.

The jury found that, at the time of the agreed compromise settlement, defendant's claim agent, D. E. Newton, "stated to plaintiff that she would be entirely well and on her feet by April 16, 1935," and that such statement was "not made only as an expression of" the agent's "opinion," and that plaintiff so understood it; that defendant's physician, Dr. Perkins, "stated to plaintiff that she would be well within sixty days from the date of her injury (which would be April 16th, as stated to her by the agent), and would at that time be able to resume her duties as a maid at the Plaza Hotel," but that his said statement "was made only as an expression of his opinion," and that she so understood it; that the statements of both the agent and the physician were "untrue," and were made to "induce plaintiff to enter the said compromise settlement"; that plaintiff believed and relied upon both said statements, and was thereby induced to make the settlement.

With reference to the jury findings, there was sufficient evidence to support implied incidental findings that, at the time the settlement was made, and for several weeks prior thereto, plaintiff was confined to her bed with an injured knee, and other less serious injuries, sustained by her in the accident; that at the time of the settlement she was still confined to bed, with her injured knee in a plaster cast, swathed in hot applications, and suffering, among other things, with bed sores occasioned by her long confinement; that for some weeks the claim agent had visited her very often, urging her to make a settlement; that in pressing settlement the agent showed her the written statement of the two attending physicians, one of whom was Dr. Perkins, the company physician, and the other furnished by her employer (she had no physician of her own selection), to the effect that plaintiff would recover, or be on her feet sufficiently to enable her to resume her employment as a maid in her employer's hotel, within sixty days from the date of her injury on February 15th; that she ought to "have confidence" in the attending physicians and believe what they said about her condition; that she would "get well if those doctors said so"; that if the doctors said she "would be well by the 16th they knew what they were talking about." And the agent stated to her that she would be well and able to go to work by that time. The record sustains the jury findings that it was upon the strength of these represen-

tations, and her belief in and reliance thereon, that plaintiff executed the release here sought to be set aside.

None of the jury findings are questioned in this appeal, except that by cross-assignment of error defendant challenges the sufficiency of the evidence to support the finding that its claim agent "stated to plaintiff that she would be entirely well and on her feet by April 16, 1935." We overrule that cross-assignment of error, upon the conclusion that the evidence was sufficient to sustain that finding.

■ The question of the good faith of the physician and agent in making the statements to plaintiff that she would be well and able to return to her job by April 16th, is not material to the case. Since the jury found that those statements were "untrue," it does not matter whether the persons making them knew them to be untrue at the time made, for the fact that the statements were not intentionally false would not affect the right of plaintiff to have the release set aside, if she was in fact misled by the statements. Tex.Jur. p. 42 et seq., §§ 22, 23, 24; 36 Tex.Jur. p. 809, § 12; Culbertson v. Blanchard, 79 Tex. 486, 492, 15 S.W. 700.

■ There exists the general rule that if a representation is made as to a matter that rests merely in the judgment of the person making it, and the means of procuring information concerning it are equally open to both parties, and no fraud intervenes, the representation is a mere expression of opinion, and would not justify a cancellation of the resulting contract; whereas, if such means are not equally open to both parties, the statement becomes as one of fact, and cancellation will lie. 1 Black on Rescission and Cancellation, § 77; Missouri, K. & T. R. Co. v. Haven (Tex.Civ.App., writ refused) 200 S.W. 1152.

■ This rule, however, must be applied, relaxed or flexed, according to the facts and circumstances of each case in which it may be invoked. If the releasor is under a present disability, physical or mental, from any cause; if he is subjected to high pressure from the agents of the releasee, or is subdued by statements, whether of positive past or present facts, or in the form of opinions which, by the manner in which they are pressed upon the releasor, may amount to statements of fact, the releasor may rely upon them without independent investigation, and without, in an action like this, consulting physicians of his own selection. International & G. N. R. Co. v. Shuford, 36 Tex.Civ.App. 251, 81 S.W. 1189 (writ refused) and authorities cited.

■ Summarizing, we find the attending physicians stating that plaintiff would be well and able to resume her employment within a specified period; that while plaintiff was confined to her bed in a condition which rendered her susceptible to pressure for settlement, defendant's claim agent pressed the physicians' statement upon her vouched for the truth of those statements, and urged her to "have confidence in those physicians, and to believe their statements," and assured her upon his own word that she would be entirely well and able to go back to work within the period stated; that plaintiff was thereby induced to believe and rely upon those statements, and yielded to the claim agent's insistence that she agree to a settlement upon the basis of those representations, and release defendant from further liability. We conclude, in accordance with the substantial weight of authority, that the facts stated, which are encompassed, expressly or by necessary implication, in the jury findings, entitled plaintiff to judgment setting aside the release in question. 12 R.C.L. p. 272, § 38; 23 R.C.L. p. 392, § 21; El Paso Electric R. Co. v. Cowan (Tex.Civ.App.) 248 S.W. 442; Cowan v. El Paso Electric R. Co. (Tex.Com.App.) 271 S.W. 79; Missouri, K. & T. R. Co. v. Maples (Tex.Civ.App.) 162 S.W. 426; Gulf, C. & S. F. R. Co. v. Huyett, 49 Tex.Civ.App. 395, 108 S.W. 502 (writ refused), approved by Supreme Court in Cowan v. El Paso Electric R. Co., supra; Texas Emp. Ass'n v. Rodgers (Tex.Civ. App.) 284 S.W. 968; International & G. N. R. Co. v. Shuford, supra; St. Louis Southwestern R. Co. v. Thomas (Tex.Civ.App.) 244 S.W. 839; Jones v. R. Co., 32 Tex. Civ.App. 198, 73 S.W. 1082; Alenkowsky v. R. Co. (Tex.Civ.App.) 188 S.W. 956; Missouri, K. & T. R. Co. v. Haven, supra; Houston & T. C. R. Co. v. Brown (Tex. Civ.App.) 69 S.W. 651; Missouri, K. & T. R. Co. v. Reno (Tex.Civ.App.) 146 S.W. 207.

The rule that both parties are bound to an agreement made when the means are equally open to them for ascertaining the true facts upon which the agreement is made, will not be applied in cases like this, where the releasor is induced to execute the release upon the legally false assurance of physicians that she will recover her health within a stated period. The physi-

cian had treated the releasor for several weeks, and was therefore, with his superior knowledge, in a better position to ascertain and determine her true condition than she was, and the cited rule was inapplicable. Missouri, K. & T. R. Co. v. Haven, supra. The jury found that, although the physician's statement was only an expression of his opinion, and plaintiff so understood it, it was nevertheless untrue, and deceived plaintiff into executing the release. These findings are not challenged here. Under the authorities cited, and in view of the facts stated, the statement of the physician, even though in the form of an opinion, will be regarded in law as a statement of a present fact, and, being untrue, and having deceived the plaintiff into executing the release, that release was not binding upon plaintiff.

The judgment will be reversed, and judgment here rendered that said release be set aside and held for naught.

### On Motion for Rehearing.

We have concluded, upon rehearing, that the record does not present a case in which this court is warranted in rendering judgment. The evidence in several particulars is indefinite and unsatisfactory, and appellant's own testimony is contradictory upon important phases of the case, which, apparently, is susceptible of further development. We conclude that justice will be better and more certainly served by a remand.

Accordingly, appellee's motion for rehearing will be granted in part, and the judgment reversed and the cause remanded.