**HAYTER et al. v. HUDGENS.    (No. 2445.)**

(Court of Civil Appeals of Texas. Texarkana. Nov. 18, 1921. Rehearing Denied Dec. 8, 1921.)

1. Fraud ⬦⟞17—Broker and another, conspiring to obtain principal's property by concealing previous sale, held guilty of fraud.

Where, by agreement between a broker employed by plaintiff to sell land for $10,000, and who had contracted to sell it for that price, and the broker's codefendant, the broker concealed from plaintiff that he had sold the land, and suggested that he sell it to the codefendant, who acted with the broker in concealing such fact, and induced plaintiff to sell for $7,500, and thereupon conveyed the property for $10,000 to the purchaser previously procured by the broker, the broker violated the trust and confidence reposed in him, and was guilty of fraud, and the codefendant was a party to the wrong.

2. Fraud ⬦⟞1—Defined.

Fraud exists when a person is induced to do a thing to his injury which he would not have done but for an act or concealment of another person which resulted in undue advantage to such other person, and involved a breach by him of a legal duty he owed the injured person, or a violation of a trust or confidence which such person had a right to repose in him.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fraud.]

3. Venue ⬦⟞8 — Where offer made by telephone, fraud held committed in county where offeree was at the time.

Where, pursuant to a conspiracy with a broker who had sold plaintiff's land for $10,000, but concealed that fact from plaintiff, the broker's codefendant, while in N. county, telephoned plaintiff in R. county an offer of $7,500, which was accepted, the offer was made and the fraud was committed in R. county, within Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 7, providing that in cases of fraud suit may be instituted in the county in which the fraud was committed.

Appeal from District Court, Rusk County; Chas. L. Brochfield, Judge.

Action by W. M. Hudgens against Sam B. Hayter and others. From a judgment overruling a plea of privilege, defendants appeal. Affirmed.

Appellee was the plaintiff. He resided in Rusk county. His suit was brought in that county against appellants S. B. Hayter and A. D. Edens, both of whom resided in Nacogdoches county. The suit was for damages for fraud practiced on appellee by appellants, he alleged, in the sale by him of a tract of land he owned situated in said Nacogdoches county. Each of the appellants filed a plea in conformity to the statute (article 1903, Vernon's Statutes, as amended April 2, 1917 [Vernon's Ann. Civ. St. Supp. 1918, Art. 1903]), asserting a right he claimed to have the cause tried in Nacogdoches county. The pleas were controverted by appellee as provided by said statute, and at the hearing had thereon were overruled by the court. The appeal is from the judgment overruling them.

Testimony relied on to establish fraud on the part of appellants, as charged in appellee's answer controverting the pleas of privilege showed or tended to show facts as follows: Appellant Edens, a real estate broker

⬦⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

residing in Nacogdoches county, was employed by appellee, who resided in Rusk county, to sell a tract of land the latter owned, situated in said Nacogdoches county, for $10,000. Edens contracted with one Hargrove, who resided in Franklin county, but who at the time was in Nacogdoches county, to sell him (Hargrove) the land for said sum, and Hargrove then deposited his check for $1,000 with Edens as "earnest money." After doing that Hargrove went to his home in Franklin county. About a month later he returned to Nacogdoches county. In the meantime, at the request of appellant Hayter, who advised him that he wished to see him about the land, appellee went to Nacogdoches, where he was told by Edens that he had sold the land, but that the man he sold it to did not have the money necessary to pay for it. Edens then suggested to appellee that he sell the land to Hayter, stating that if he did he need not pay him (Edens) a commission. Appellee saw Hayter and they discussed a proposition involving the payment by Hayter to appellee of $8,076 for the land. The discussion ended by Hayter advising appellee that he would phone him at his home in a day or two and let him know what he (Hayter) would do. Later Hayter, in Nacogdoches county, did phone appellee, in Rusk county, telling him that he could not give $8,076 for the land, but would give him $7,500 for it. Appellee accepted the offer, and thereupon made a deed conveying the land to Hayter. As directed by Hayter, appellee attached to the deed a draft he drew on Hayter for the part of the $7,500 Hayter was to pay in cash, and then sent the deed and draft to a bank in Nacogdoches county, where Hayter paid the draft when the deed was delivered to him. The sale to Hayter, negotiated and consummated as stated, was made while Hargrove was at his home in Franklin county, and when appellee was entirely ignorant of the fact that he (Hargrove) had contracted with Edens to purchase and pay $10,000 for the land. When Hargrove returned to Nacogdoches county, about a month after the time when he entered into the contract with Edens, as before stated, that contract was executed according to its terms, except that the deed conveying the land to Hargrove was from Hayter instead of appellee. What the terms of the contract between Edens and Hargrove were is not shown in the record, but it seems notes were involved, for a witness testified that Edens told him that Hayter had "agreed to carry the notes."

S. M. Adams and A. A. Seale, both of Nacogdoches, for appellants.

R. T. Jones, of Henderson, for appellee.

WILLSON, C. J. (after stating the facts as above). An exception to the general rule which forbids suit "against an inhabitant of this state out of the county in which he has his domicile" exists "in all cases of fraud," in which, it is provided, "suit may be instituted in the county in which the fraud was committed." Article 1830, subd. 7, Vernon's Statutes. Appellee's claim of a right to maintain his suit against appellants in Rusk county was based on said exception.

The attack by appellants on the judgment sustaining appellee's claim is on the ground that the testimony did not warrant a finding that they committed fraud, nor, if they did, that they committed it in Rusk county.

[1, 2] Appellants did not offer any testimony at the trial, and it is apparent from the statement above that the case, even from appellee's viewpoint, was not fully developed. But, meager as it was, we think the testimony adduced, and permissible inferences from it, warranted the conclusion the trial court reached. We think it was a fair inference from that testimony that Hayter knew that Edens, acting as appellee's agent, had sold the land to Hargrove for $10,000. We think it also was a fair inference that Edens' concealment from appellee of the fact that he had sold the land, and his suggestion to appellee that he sell it to Hayter, was in pursuance of an agreement between him and Hayter to substitute the latter for appellee as the vendor in the sale made to Hargrove, and in that way defraud appellee of the difference between the sum Hargrove had agreed to give for the land and the sum Hayter might be able to buy it for from appellee. And we think it also was a fair inference that it was in pursuance of such a conspiracy between Edens and Hayter that the latter negotiated with appellee for the purchase of the land and made appellee the offer over the telephone, which the latter accepted, to pay him $7,500 for the property. If such inferences were properly deducible from the testimony, we think there can be no doubt the conclusion of the trial court that fraud was practiced on appellee by appellants was warranted; for fraud, while not exactly definable, undoubtedly exists when a person is induced to do a thing to his injury which he would not have done but for an act or concealment by another person which resulted in undue advantage to such other person, and involved a breach by him of a legal duty he owed the injured person, or a violation of trust or confidence which such injured person had a right to repose in him. Horton v. Smith, 145 S. W. 1088; 12 R. C. L. 229; 20 Cyc. 8. That Edens, as appellee's agent, owed him the duty to advise him that he (Edens) had sold the land to Hargrove for $10,000, and that Edens, according to testimony the trial court had a right to give weight to, violated trust and confidence appellee had a right to repose in him, is clear. Hohl v. Kellogg, 42 Tex. Civ. App. 636, 94

S. W. 389; 2 C. J. 692; 1 Clark & Skyles on Agency, p. 907 et seq. That Hayter, if he knew that Edens had sold the land to Hargrove for $10,000, and if he agreed to act with Edens in concealing the fact from appellee and in inducing appellee to sell the land for less than $10,000, became a party to the wrong done appellee, and liable to appellee as Edens was, we think is also clear. Wells v. Houston, 23 Tex. Civ. App. 629, 653, 57 S. W. 584, 597; Longworth v. Stevens, 145 S. W. 257, 262; 12 C. J. 610, and cases there cited. In the work last cited it is said:

"Where two or more persons enter into a conspiracy, any act done by either in furtherance of the common design and in accordance with the general plan becomes the act of all, and· each conspirator is responsible for such act."

And in the case first cited above (Wells v. Houston) it is said:

"The law is that, where a man has conspired with others to cheat and defraud the plaintiff in the sale of certain property by fraudulent concealments or misrepresentations, and the fraud has been perpetrated accordingly, though by some other member of the conspiracy,· he will be liable, even where he himself has not made any of the misrepresentations complained of."

[3] The contention of appellants that the testimony did not warrant a finding that they were guilty of fraud having been disposed of, there remains for consideration the point they make that, if the testimony warranted that finding, it did not warrant a finding that the fraud was committed in Rusk county. Evidently the trial court based his finding in that respect on the testimony as to the conversation over the telephone between Hayter and appellee, in which Hayter stated he could not give appellee the sum they had discussed ($8,076) on the occasion when appellee was in Nacogdoches county at his (Hayter's) request, but would give him $7,500 for the land. That conversation, including the offer made in it by Hayter, the trial court doubtless concluded, as we think he had a right to, was in pursuance of the conspiracy he found appellants had formed. If it was, then the answer which should be made to the question as to whether fraud was committed in Rusk county or not depends on whether it should be said that the statement and offer was made in Nacogdoches county or in Rusk county; for if it was made in Rusk county in pursuance of the conspiracy, fraud was committed in that county. The question is not, as the parties assume, one as to where the contract between Hayter and Edens was made, but it is one as to where the offer by Hayter to appellee of $7,500 for the land, which the latter accepted, was made. We have concluded it was made in Rusk county,

and that the trial court therefore was warranted in finding that the fraud on appellee, if one was committed, was committed in that county. We do not see that the fact that the offer was made by Hayter over the telephone made it any the less an offer to appellee in Rusk county than it would have been if Hayter had gone in person to Rusk county and there made it to appellee. The offer was not made to appellee until it reached him, and when it reached him he was in Rusk county.

The judgment is affirmed.