### O'QUINN v. TEXAS EMPLOYERS' INS. ASS'N.

### No. 12073.

Court of Civil Appeals of Texas. Galveston.
March 10, 1949.

Rehearing Denied March 31, 1949.

120

Al L. Crystal, of Houston, for appellant.
Morris, Underwood & Oldham, of Houston, for appellee.

GRAVES, Justice.

This appeal by the compensation-claimant, appellant here, is from a judgment of the 127th District Court of Harris County, sustaining the motion there of the insurance-carrier of appellant's employer, the appellee here, for a peremptory instruction in its favor against appellant's suit to set aside a previously-executed settlement-agreement between such parties, after hearing the pleadings and evidence from both sides.

In such a situation, the only overall question of law to be determined by this Court is this:

Did the pleadings and evidence for the appellant raise any material issue of fact for the jury?

By long-settled holdings of our Courts, the rules under which alone a cause may be so taken from the jury are these:

The test is whether or not the court could "render the judgment, if, discarding all adverse evidence, and giving credit to all evidence favorable to plaintiff, and indulging in every legitimate conclusion favorable to the plaintiff which might have been drawn from the facts proved, a jury might have found in favor of the plaintiff." Wininger v. Ft. Worth, etc., 105 Tex. 56, 143 S.W. 1150.

"On motion to direct a verdict the court presumes to be true the evidence of the opposite party, who is entitled to the most favorable construction that it will properly bear and to the benefit of all reasonable inferences arising therefrom. * * * All contradictory or countervailing evidence is left out." See Coca-Cola Bottling Company v. Burgess, Tex.Civ.App., 195 S.W.2d 379, at page 381.

In this Court, appellant presents the single point of error that the trial court erred in granting such peremptory instruction against him, and, in consequence, dismissing his suit; whereas, the appellee defends the court's order in its favor, upon some five counter-propositions, the boiled-down substance of which is that the settlement-agreement involved was valid and binding upon appellant: (1) Because it had been approved by the Industrial Accident Board of the statutory grounds, Article 8307, Section 12, Vernon's 1948 Texas Civil Statutes, of "questionable liability" against it for appellant's claimed accident,

and "uncertain disability" of himself therefrom; (2) the record being devoid of any evidence of fraud on the part of appellee's physician, Dr. Hines; (3) Dr. Hine's statements to appellant about his injuries—having been shown to be mere expressions of opinion as to his future condition—were not actionable against it; (4) the evidence failed to show that appellant relied on any statements as to his condition made to him by Dr. Hines; and finally (5) appellant's own testimony having established that both he and Mr. Pidcoke, appellee's agent in making the compromise settlement-agreement declared upon by appellant, had before them, the same information from Dr. Hines touching appellant's physical condition, it followed that neither did Mr. Pidcoke defraud appellant in the execution of such agreement.

On a review of the statement of facts in obedience to the rule so binding it, this Court is constrained to hold that material questions of fact were raised in appellant's favor as to whether or not such settlement-agreement was binding upon him in at least these respects: (1) That he did sustain an injury to his back on the 3rd of March, 1947, while working in the attic of the Medical Arts Building, in Houston, during the course and scope of his employment, for his employer, C. Wallace Plumbing Company, of which at the time the appellee-Association was the insurance-carrier with respect to such employees; (2) that appellee's agent, Dr. Hines, immediately examined appellant—after he had notified his foreman of such accident and injury—and told him it was just a "wrench"; that he would be all right in a short time; that thereafter, on many occasions, Dr. Hines gave him like information, on one of which he took x-rays of appellant's back, and told appellant that such x-rays were negative, and showed that he had sustained no serious accident to, or injury thereof; (3) that thereafter, on April 22, 1947, he signed the settlement-agreement in suit, as prepared and presented to him by Mr. Pidcoke, its agent, who was acting for the appellee in that behalf; (4) that Mr. Pidcoke, having Dr. Hine's reports on appellant's condition in his possession at the time, told appellant the same thing Dr.

Hines had done on the date of and before the settlement-agreement was executed—that he was not hurt, nor seriously injured; further, on being advised that date that the appellant was again going up to see Dr. Hines, told him this: "he said he had the x-rays, and said that 'you are not injured seriously, and if you just take it easy for a couple of weeks and do not try to do any work, you will probably recover, there is nothing seriously wrong with you,' and he said 'I will kind of help you out a little,' and I had just received my check a day or two before that for my last week and he said, 'If you will take a little money here, it will kind of help you get unworried.' And he said 'I will kind of go that much with you, I will give you $150.00, and take it easy,' and I said I believe I will go to Hot Springs and take a few baths, and he said 'that might be a good idea, you should recover,' and I believed it too."

(5) That he did not again go to see Dr. Hines, but signed the agreement Mr. Pidcoke had so presented to him, testifying in that connection: "I talked to Mr. Pidcoke and he said, 'There is no use of seeing Dr. Hines, he says you were not hurt, you are not seriously injured'."

(6) That appellant was and had been at all times successively from and after the date of his declared-upon injury on March 3, 1947, in a serious and permanently-disabling physical condition; that Dr. James A. Brown, of Houston, a specialist in diseases of the nervous system, examined appellant on July 1 of 1947, and found him to have at that time a "herniated intervertebral disc"; that it was, in all probability, the result of the traumatic injury, of which he complained; that it was permanent, serious, and completely disabling as to all heavy work.

Wherefore, under the most favorable parts of appellant's pleadings and supporting proof, it seems clear that questions of fact in his favor were raised over whether or not the settlement-agreement in issue had been obtained from him by misrepresentations as to his actual condition at the time he so executed the paper, especially as to what the x-rays taken by appellee's agents actually showed, and as to the ex-

tent of the physical disability he then actually had.

In other words, the question here turns not upon the intrinsic provisions of the reports, x-rays, etc., made by the appellee's physician, nor what they showed, but solely upon whether or not the contract of settlement had been procured from him by misrepresentations of fact, rather than upon mere statements of opinion, as the appellee in its answering points contends.

It urges that, under Article 8307, Section 12, Vernon's 1948 Texas Civil Statutes, the claim was—within the meaning of that statute—"disputed and doubtful," and cites such authorities as Goodwin v. Texas Employers' Insurance Association, Tex. Civ.App., 73 S.W.2d 660, 663 (writ dism.), as sustaining that contention, quoting in connection therewith part of Paragraph 9, Page 343, of 9 Tex.Jur.

But the clear distinction between that cause and this one is that something here was alleged—contrary to the situation there —impeaching the belief of the parties concerned and the truth of the recitals in this settlement, at the time it was made; that is, in this instance, as indicated supra, both the pleadings and the testimony at least raised issues over whether or not actual fraud brought about the execution of this instrument. See the closing part of such Paragraph 9; also preceding Paragraph 7 of such volume, 9 Tex.Jur., where it was held that the question of good faith is one for the jury.

Under what has been said, it is held that this cause is more nearly like that of Graves v. Hartford, etc., 138 Tex. 589, 161 S.W.2d 464, upon which appellant relies, than those the appellee so depends upon. Syllabi 4 and 5 of that Report are adopted as applicable to this case:

"4. Fraud ☞13(2). Knowledge of the falsity of a representation by a party charged with fraud is not an essential element thereof.

"5. Workmen's compensation ☞1162. Finding that employee suffered serious injury, that compensation insurer's physician falsely stated to employee that injury was not serious, and that, in reliance on such false statement, employee was induced by compensation insurer's agent to settle compensation claim for nominal sum, established legal 'fraud' as basis for a cancellation of settlement notwithstanding finding that physician did not know that employee was contemplating settlement at time statement was made."

As above recited, the controlling inquiry here is one of whether or not the appellant presented sufficient pleading and testimony to raise an issue of fact over whether he was induced to enter into this settlement-agreement by what amounted to fraudulent representations upon the part of the appellee's agents; if he did, as this Court thinks the record shows, the trial court should have submitted the cause to the jury that was in attendance.

These conclusions require a reversal of the judgment and a remanding of the cause for another trial. It will be so ordered.

Reversed and remanded.