## TEXAS STATE HIGHWAY DEPARTMENT v. KINSLER.

### No. 4676.

Court of Civil Appeals of Texas. Beaumont.

May 18, 1950.

Joe H. Reynolds, Bracewell & Tunks, Houston, William S. Lott, Asst. Atty. Gen., for appellant.

Cam Harrell, Conroe, for appellee.

R. L. MURRAY, Justice.

This is a suit in equity against the Texas State Highway Department by Vienne L. Kinsler to set aside a compromise settlement of a Workman's Compensation claim approved by the Industrial Accident Board. The basis for the equitablie relief is that the contract of settlement was alleged to have been procured by fraud. By virtue of Article 6674s, Vernon's Annotated Civil Statutes of Texas, the Texas State Highway Department is a self insurer providing Workman's Compensation for its employees.

The accident occurred in Galveston County in December, 1946. Kinsler subsequently moved to Montgomery County, the settlement was concluded in Montgomery County in April, 1949, and suit was filed in Montgomery County in June, 1949 to set aside the settlement. The Texas State Highway Department filed its plea of privilege and answer. The case was tried to the court without a jury and judgment was entered overruling the plea of privilege and judgment on the merits was rendered against the Texas State Highway Department, setting aside the compromise settlement agreement. The Highway Department has duly perfected its appeal.

Kinsler, the appellee, hurt his back while working for the Highway Department in Galveston County but continued working for the same employer in Montgomery County after the injury. In January, 1949, he was operated on by Dr. James M. Greenwood, Jr., of Houston, who was the doctor for the employer. The operation was for a ruptured intervertebral disc. In February, 1949, a second operation was performed on him by Dr. Greenwood, this operation being of a nature similar to the first one. The foreman of the employer took the appellee to Dr. Greenwood's office in Houston for both operations. After the second operation appellee wrote a letter to the Highway Department asking that some one come and see him about a settlement. An insurance representative for the Highway Department, appellant, called on him at his home in Conroe and discussed the matter of settlement with him. The parties had already discussed a settlement while appellee was still in the hospital. On the 1st of April, 1949, these parties visited the appellee again and the insurance representative told him he would secure a doctor's report from Dr. Greenwood so that they could settle the claim. On April 9th the foreman and the insurance representative visited the appellee at his home in Conroe, Montgomery County, and a written settlement agreement was executed. Before the settlement agreement was signed by the appellee the insurance representative showed the appellee or read to him Dr. Greenwood's report. This report was as follows: "This patient was last seen March 30, 1949, at which time he had shown some improvement. There is still soreness in the back and he is wearing a brace which gives him some relief. He does not need any further treatment, although he should be seen occasionally for the next 30 to 60 days, at the end of which time I believe he will be able to do light work. The maximum recovery will probably be reached in 3 to 6 months, at which time the permanent partial disability I believe will be under 25 percent."

Lindsey, the insurance representative of the appellant, told the appellee that he had made settlements in other back injury cases and that he had discussed this with the doctor and that $2,350 was all he was entitled to get. The appellee also testified that he would not have signed the agreement or settled his claim if they had not made such statement to him, including both Lindsey's

statements and the contends of Dr. Greenwood's report.

In June, 1949, appellee was still having trouble with his back and returned to Dr. Greenwood, who then advised him that he should have another operation of his spine, which would be a fusion operation. Appellee was at the time of the trial 39 years old, an unskilled laborer who went only to the sixth grade in school. He is in constant pain from his back, wears a brace at all times except when he is in bed. The brace covers him from the lower part of his hips to under his arms.

The trial court filed findings of fact, which included findings that appellee was paid $2,350 under the settlement agreement; that on the date of signing the compromise agreement and at the time of the trial the appellee was totally and permanently disabled; his compensation rate was $20 per week; that he needed another operation on his back which would cost between $250 and $750; that Dr. Greenwood was employed and paid by the appellant to treat the appellee for his injuries; that Mr. Lindsey and Mr. Hope were the agents of the appellant and were acting within the course or scope of their employment; that Mr. Lindsey represented to appellee in Montgomery County, Texas, on the date the settlement agreement was signed that appellee's injuries were not serious or of a lasting nature; the court found that his injuries were of a serious and lasting nature; it further found that Mr. Lindsey represented to the appellee in Montgomery County, Texas, on the date the compromise settlement was signed that the appellee was entitled to only $2,350 under the Workman's Compensation law, and the trial court found that appellee was entitled to a sum in excess of $2,350; the court also made findings that the appellee was in fact suffering from greater than 25 percent disability, and that Lindsey had represented to appellee that Dr. Greenwood told him that appellee was not over 25 percent disabled. The court further found that the medical report of Dr. Greenwood was based on the doctor's examination of appellee made on March 30, 1949, and that Dr. Greenwood knew at the time he made said medical report that a settlement was

being contemplated between the parties, and that the medical report was requested by the appellant to be used by it in effecting a settlement. The court further found that the medical report of Dr. Greenwood, which was used in making the settlement was incorrect and that the appellee at that time and at the time of trial was actually totally and permanently disabled, and that he needed further treatment of his injuries. The court also found that the appellee trusted and had confidence in his employer, its agents, servants and employees and in Dr. Greewood; that at the time he signed the compromise settlement he was in a destitute financial condition and was badly in need of funds to support his family. The court further found that the appellee relied upon the acts, statements and representations made to him by the agents of his employer in signing the compromise settlement and that but for such representations and statements he would not have signed it.

By its Points Nos. 1 and 2 the appellant maintains that the trial court erred "in basing its judgment upon findings that the representations of Dr. James M. Greenwood, Jr., were expressions of opinion as to then existing facts" and "in basing its judgment upon findings that a repetition by an adjuster of a doctor's statements could be the basis of fraud absent the element of bad faith." In an able and extensive brief the appellant relies upon and quotes from many Texas cases in its argument that the medical report of Dr. Greenwood and the manner in which it was communicated to the appellee could not be the basis of fraud sufficient to set aside this compromise settlement. All of the authorities quoted from by the appellant may be distinguished from the instant case on the peculiar facts of each one. We consider the doctor's statement to be a statement as to the physical condition of the appellee at the time of the examination, an existing fact. On the authority of Graves v. Hartford Accident & Indemnity Co., 138 Tex. 589, 161 S.W.2d 464; O'-Quinn v. Texas Employers Insurance Association, 219 S.W.2d 119; Jones v. Traders & General Insurance Co., Tex.Civ.App.; 188 S.W.2d 739, we overrule the appellant's Points 1 and 2 and hold that Dr. Green-

wood's medical report amounted to legal fraud, even though Dr. Greenwood and the claim agent both believed that statement to be true and correct. It is also on the authority of these same cases that we hold that the doctor's report, although made in Harris County, was communicated to the appellee in Montgomery County by the agent of the appellant and that this is a sufficient showing of fraud in Montgomery County to maintain venue and justify the court's action in overruling the plea of privilege. In Duncan v. Texas Employers Insurance Association, Tex.Civ.App., 105 S.W.2d 403 there is an able discussion of the rule which now seems to be well established in this state in regard to what facts will warrant setting aside a compromise settlement for a Workman's Compensation claim when incorrect statements are made in the belief that they are correct, and are relied upon as correct by the injured party.

■■ The appellant by its 3rd and 4th points complains of the trial court's finding that the appellee relied upon the representations of the employer's agents and says that the uncontradicted evidence shows that the appellee did not rely upon the representations made by appellant's agents and further shows that he consulted his own doctor and lawyer immediately prior to the execution of the compromise settlement. These points are overruled. There is evidence in the record showing the appellee's desire to make a settlement with the appellant, but there is no evidence that he was represented by an attorney or consulted with one in regard to this particular settlement. There is in the record a receipted bill from Dr. Anderson to the Highway Department for a call by the appellee to him on April 8th, the day before the settlement. Dr. Anderson, however, did not recall having treated him or advised him on that date. The evidence is sufficient to support the trial court's finding. The appellant argues that the acts of the appellee himself make it positive that he did not rely on the representations of his employer's agents. We do not so view the appellee's actions. It is true that he desired a settlement of his claim but there is no evidence that he desired this particular settlement or that he relied upon anything except the representations made to him at that time in making a settlement for the sum of money which he actually did receive.

■■ By Point 5 the appellant complains of the trial court's finding that the appellee was totally and permanently disabled and says there was no evidence to support such a finding. This point is overruled without discussion except to say that the testimony of the appellee himself and that of Dr. Anderson is some evidence, and we think sufficient evidence, to support the finding of the trial court. The appellant makes the statement in its brief under Point 5 that Dr. Greenwood's testimony was to the effect that the appellee would suffer only a 25 percent permanent disability. The brief there cites us to pages 269 and 270 of the Statement of Facts. No such testimony of Dr. Greenwood is found on pages 269 and 270. On page 274 of the Statement of Facts Dr. Greenwood testified that at the time of the trial he could not say whether or not the appellee was totally and permanently disabled. We think it too well settled to require discussion that the fact that an injured employee continued to work and make money after his injury is not a bar to recovery for total and permanent disability if the evidence supports a finding of a court or jury that he is in fact so disabled.

■■ Under Points 6, 7 and 8 the appellant assails the finding of the trial court that the sum of $2,350 represented an amount less than that which the appellee was entitled and says there was no pleading and no evidence on which to base such finding, and that such amount, based on the doctor's estimate, represented the true amount the appellee was entitled under the law. These points are overruled. The chief principle to be kept in mind here is that the court found that the appellee was totally and permanently disabled at the time he made the settlement of $2,350 and that he had a compensation rate of $20 per week. We do not consider it of any importance that the computation by the insurance representatives of the appellant were thought by him to be correct, based on the assumption that Dr. Greenwood's statement was correct. We have here a finding of the trial court that the doctor's statement was not

correct, that the appellee relied upon that statement and on other statements made by the insurance representative in making his settlement. The findings of fact of the trial court are amply supported by the evidence and they are before us without any challenge by the appellant except in its brief. These contentions are overruled.

The judgment of the trial court is affirmed.

COE, C. J., not participating.