**Sidney F. WRIGHT, Appellant,**

v.

**Joe CROW, Appellee.**

No. 13520.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 21, 1959.

Rehearing Denied Nov. 18, 1959.

Gerald Weatherly, Laredo, for appellant.

David L. Tisinger, Austin, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted in the 111th District Court of Webb County, by Sidney F. Wright of Webb County, against Joe Crow of Travis County, seeking the return of $2,000 placed with defendant as earnest money on a real estate sales contract. Plaintiff alleged that defendant had converted this $2,000 and asked for an additional $1,000 as exemplary damage. Defendant filed a plea of privilege to be sued in Travis County, the county of his residence, which was by the trial court sustained, and Sidney F. Wright has prosecuted this appeal.

At the time of placing the money with Crow, Wright was also a resident of Travis County, but later moved to Webb County. The real estate deal failed to go through, but, according to the testimony of Wright,

Crow had been indefinite as to whether he would return the $2,000. Thereafter, Wright having moved to Webb County, employed an attorney of Laredo to represent him in this cause. He was informed by his Laredo attorney that if he would call Crow over long distance telephone and make a demand upon him for the return of his $2,000 and Crow refused his demand, venue would lie in Webb County. This Wright did and Crow refused the return of the money. It is here contended that as a result of this telephone conversation Webb County has venue of this suit. We do not agree.

The method of communicating with Crow, who was at that time in Austin, Travis County, Texas, was selected by Wright. Therefore, the telephone was the agency or instrumentality of Wright. Calling Crow over the phone was just the same as though Wright had gone in person to Austin and there demanded of Crow the return of the $2,000. The fact that Wright, while in Webb County, reached Crow through an instrumentality selected by him, and which saved him a trip to Travis County, in no way changes the situation. If Wright could fix venue in Webb County by the simple process of placing a long distance telephone call from Webb County to Travis County, then he could have fixed venue in any other county of the State by simply calling from a county which he might choose as venue for his suit.

The case of Hayter v. Hudgens, Tex. Civ.App., 236 S.W. 232, is in point here. Hayter, who was in Nacogdoches County, telephoned Hudgens, who was in Rusk County, offering to sell Hudgens certain land for the sum of $7,500, which offer Hudgens accepted over the telephone. This transaction was fraudulent, and the Court held the fraud was committed in Rusk County; that the situation was just the same as if Hayter had gone to Rusk County and there made the offer in person to Hudgens.

The judgment sustaining appellee's plea of privilege is affirmed.