**TEXAS EMPLOYERS' INSURANCE ASSO-CIATION, Appellant,**

v.

**Billy Ray MAYNARD, Appellee.**

No. 7329.

Court of Civil Appeals of Texas.

Texarkana.

March 21, 1961.

Rehearing Denied April 18, 1961.

Henderson & Bryant, Sherman, for appellant.

Russell Dunn, Sherman, for appellee.

PER CURIAM.

This is a venue case. The trial court overruled the appellant's plea of privilege. The judgment is affirmed.

The appellee, Billy Ray Maynard, sued the appellant Texas Employers' Insurance Association, in Grayson County to cancel a release agreement made in the settlement of a claim for Workmen's Compensation benefits. The appellant plead its privilege to be sued in Dallas County, and the appellee controverted the plea. Judgment was for the appellee, and the appellant, Texas Employers' Insurance Association, has perfected its appeal.

The first three points of error are directed to the absence of proof of certain indispensable elements of a cause of action for fraud committed in Grayson County.

The pleadings place the burden of maintaining venue in Grayson County under the provision of Subd. 7, Art. 1995, Vernon's Ann.Civ.St., upon the appellee by proving an action for fraud committed in such County. The appellant contends that the representation said to be false was only an expression of a medical opinion, and that there is a want of proof the appellee relied upon the representation or was damaged by giving the release.

There is evidence supporting the judgment when the testimony is considered in the aspect most favorable to the trial judge's implied finding upon the challenged elements of the fraud case. The record contains evidence that the injured workman went to his employer's physician after his injury. He received a hernia operation, and was told by the doctor that he would be able to return to his job within 4 weeks. The doctor reported the operation and his prognosis to the insurer. The insurer's representative in negotiating a settlement referred to the doctor's report and statement as a basis for settlement. A representative of the employer joined in the settlement negotiations, and with the insurer's representative pressed upon the appellee the doctor's statement that the appellee would be well enough to return to his job within four weeks. There is evidence that the appellee did not recover from the operation, was in pain and continued to suffer from it, could not perform work of any nature, and such condition showed no signs of clearing up. The appellee testified he had confidence in the doctor, the insurer's and employee's representative, and relied upon the medical statements in giving the release. The following expression of Commissioner Hickman in Texas Employers' Insurance Association v. Kennedy, 135 Tex. 486, 143 S.W.2d 583, 586, is so apt that it is adopted as stating this court's views in overruling the first two points, to-wit:

"Probably no question which reaches the appellate courts is more essentially one of fact than that of whether or not a given course of conduct amounts to a legal fraud. From reading the record in this case we are not greatly impressed by plaintiff's alleged case of fraud, but we are unwilling to hold, as a matter of law, that there is no evidence whatever raising such an issue."

See also Texas Employers' Insurance Association v. Kelly, Tex.Civ.App., 261 S.W. 2d 480, n. w. h.; Continental Casualty Company v. Lynch, Tex.Civ.App., 257 S.W.2d 778, n. w. h.; Vineyard v. Texas Employers Ins. Ass'n, Tex.Civ.App., 263 S.W. 2d 675; Texas State Highway Department v. Kinslar, Tex.Civ.App., 230 S.W.2d 364, wr. ref.; Duncan v. Texas Employers' Insurance Association, Tex.Civ.App., 105 S. W.2d 403, err. dism.; Graves v. Hartford Accident & Indemnity Company, 138 Tex. 589, 161 S.W.2d 464; 36 Tex.Juris. Sec. 13, p. 809.

In considering the appellant's third point it should be borne in mind that the action to cancel the release is to be tried in accordance with the rules of the common law applicable to recision and cancellation. See Brannon v. Pacific Emp. Ins. Co., 148 Tex. 289, 224 S.W.2d 466; Texas Employers' Insurance Association v. Kennedy, supra; Traders & General Insurance Company v. Bailey, 127 Tex. 322, 94 S.W. 2d 134; Gibson v. Employers' Liability Assurance Corporation, Ltd., Tex.Civ.App., 131 S.W.2d 327, wr. ref.

Pleading of the facts in a cancellation suit such as this, with regard to the injured workman's right to compensation are incidental to the relief sought by cancellation. See Brannon v. Pacific Insurance Company, supra. The right of the injured workman to compensation is established for the purpose of determining whether or not the injured workman was damaged by execution of the release. The workman establishes the damage element by showing he received a compensable injury, and that under any computation of wage rates authorized by the Workmen's Compensation Law his disability would have entitled him to receive benefits greater

in amount than allowed in settlement. Of course an amount in controversy within the jurisdiction of the court wherein this suit is pending must also be established. But in a suit such as this, the employee need not plead or prove his wage rate as he would be required to do in a suit appealing from the action of the Industrial Accident Board.

In the present case, the workman plead and offered proof that he was permanently injured and sought benefits therefor. It is in evidence that he was paid at the rate of $55 per week at the time of his injury. He received $266.66 in settlement and re-lease of his claim. Art. 8306, Sec. 10 provides for compensation of not less than $9 per week for a maximum of 401 weeks. Consistent with the implied findings of the court, simple calculation shows that if the fraud alleged was perpetrated on May-nard and resulted in the release, he was damaged by its execution. The third point is overruled.

The judgment of the trial court must be affirmed. It is so ordered.