**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

**v.**

**Billy Ray MAYNARD, Appellee.**

No. 11024.

Court of Civil Appeals of Texas.

Austin.

Oct. 31, 1962.

Rehearing Denied Nov. 21, 1962.

Henderson & Bryant, Sherman, for appellant.

Russell L. Dunn, Sherman, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment based on a jury verdict setting aside a compromise settlement agreement of a workmen's compensation claim theretofore entered into between appellant, Texas Employers' Insurance Association, and appellee, Billy Ray Maynard. The agreement was duly approved by the Industrial Accident Board.

The basis for setting aside the settlement was that Dr. D. C. Enloe, a general practitioner in Sherman, acting as agent for appellant, operated on Billy Ray Maynard to repair a hernia sustained in the course of his employment by Sherman Foundry Company and that shortly following this operation the doctor told claimant that he would be able to return to work in four weeks (or one month) following the operation. Appellant's District Claims Manager at the time of the settlement admittedly told claimant that the doctor stated that he would be able to return to work four weeks after the operation. Allegedly, the operation was unsuccessful and appellee has not been able to return to work. He says, therefore, that the doctor's statement was false and amounted to legal fraud entitling him to rescind the agreement.

The jury made numerous findings in support of appellee's contention, but also found that the representation of Dr. Enloe was, under the circumstances, an expression of professional opinion rather than a statement of fact.

Appellant contends, as it did in the trial court, that it is entitled to judgment based upon the above finding of the jury. Appellant also urges that under the undisputed evidence the hernia upon which appellee based his claim was in fact recurrent and had existed prior to the injury for which compensation was claimed. Alternatively, appellant says that the jury's findings are not sufficient to establish that appellee was damaged, and that the Court erred in defining the term "injury".

The appeal is founded on four points and are that the trial court erred in overruling and not granting appellant's Motion for Judgment on the jury's verdict since the jury found that Dr. Enloe's representation was an expression of professional opinion rather than a statement of fact; and, in overruling appellant's Motion for Instructed Verdict for the reason that the undisputed evidence shows that the hernia which formed the basis of appellee's claim for compensation was merely a recurrence of an old hernia, so that appellee failed to fulfill the requirements of Article 8306, Section 12b, Paragraph 3, of the Revised Civil Statutes of Texas 1925; and in rendering judgment for appellee on the jury's verdict because no issues were submitted by which the jury could determine whether appellee was damaged by the settlement—that is, whether he was entitled to more compensation than he in fact received; and in overruling and not granting appellant's Motion for Judgment on the jury's verdict since the jury found that Dr. Enloe's representation was an expression of professional opinion rather than a statement of fact.

On trial to a jury, findings were that appellee sustained an injury on the 27th of April, 1960, resulting from an accident, and was an employee of Sherman Foundry Company, and the injury was sustained during the course of his employment, and that such injury resulted in a hernia to appellee, that such hernia appeared suddenly and immediately following the injury, and was accompanied with pain.

Further findings conditioned on affirmative answer to Issue No. 7, which inquired if the hernia was accompanied with pain were: that the hernia did not exist before such injury; that before the signing of the settlement agreement Dr. Enloe represented to Maynard that he would be able to go back to work, or resume his regular occupation without any residual disability within one month from May 11, 1960, the date of the operation; that such

representation was untrue and that appellee believed that the representation made by the doctor was true at the time the agreement of settlement was signed by appellee; that appellee relied on such representation in signing the agreement; that appellee was induced to sign the agreement of settlement by reason of such representation; and that appellee would not have signed the compromise settlement agreement except for such representation.

Additional jury findings were that Dr. Enloe was the doctor for the defendant, Sherman Foundry Company, and that Royal Fox, appellant's District Claims Manager knew that the representation made by the doctor had been made to appellee, and that Mr. Fox advised appellee at the time the agreement was signed that he had talked to Dr. Enloe, and said that the doctor had said that appellee would be able to go back to work in four weeks from the time of the operation.

The jury found that appellee would have signed the agreement even if Fox had not made any representation.

Further findings were that the operation for hernia failed to restore appellee's former ability to perform manual labor, and that appellee was not able to go back to work within four weeks, from the date of the operation because of the injury, and that the hernia sustained by appellee Maynard, naturally resulted in his incapacity to work after July 5, 1960.

The jury found that the representation of Dr. Enloe was, under the circumstances, an expression of professional opinion.

Based on the jury's findings the Court entered judgment in favor of Plaintiff Maynard setting aside the compromise settlement agreement, and holding that it be held for naught.

■ Appellant's position that as this suit grounded in constructive fraud, and as there is no claim of bad faith, it was necessary for appellee to prove a mis-representation of fact as distinguished from an erroneous opinion before he was entitled to equitable relief.

The appellee contends that the statement of Dr. Enloe about appellee's condition was, as a matter of law, a representation such as would justify setting aside the compromise settlement agreement.

Appellee went to work for the Sherman Foundry Company in January, 1960, but prior thereto he was sent by his employer to Dr. D. C. Enloe for the pre-employment examination, which included the area of appellee's abdomen, and Dr. Enloe told appellee his stomach was sound and that he could go to work.

Appellee was injured on April 27, 1960 and was seen and examined by Dr. Enloe in his office on May 4, 1960, having been taken there by his employer.

On May 11, 1960 appellee underwent surgery for the repair of a hernia, and remained in the hospital for ten days, and was told by Dr. Enloe that he would be able to go back to work in four weeks, and be able to do his regular work, and would not have any disability after four weeks.

Appellee testified that he had faith in Dr. Enloe, and believed him, and that he told Mr. Fox that if Dr. Enloe was sure that he would be able to go back to work in four weeks that he would take the compensation, and that he was induced to sign the compromise settlement agreement by reason of the statement made to him by Dr. Enloe.

By the terms of the settlement appellee was paid $266.00.

We believe that the statement made by the doctor about appellee's condition under the circumstances was a representation such as would justify setting aside the release. The doctor's statements were about matters which he was in a better position to judge than his patient, and are statements of fact, and not mere statements of opinion, and such statements, even if made in good faith, established "legal fraud." O'Quinn v.

Texas Employers' Ins. Ass'n, Tex.Civ.App., 219 S.W.2d 119, er. ref. N.R.E.; Texas State Highway Department v. Kinsler, Tex. Civ.App., 230 S.W.2d 364 er. ref.; Texas Employers Ins. Ass'n v. Kelly, Tex.Civ. App., 261 S.W.2d 480; Texas Employers Ins. Ass'n v. Kennedy, 135 Tex. 486, 143 S. W.2d 583.

This instant case was before the Court of Civil Appeals at Texarkana on a Plea of Privilege, and considered by that Court in Texas Employers' Insurance Association v. Maynard, Tex.Civ.App., 345 S.W.2d 447 and the judgment of the Trial Court was affirmed.

Appellant filed a Motion for Instructed Verdict contending that the undisputed evidence shows that the hernia forming the basis of the claim for compensation was merely a recurrence of an old hernia, and that appellee did not fulfill the requirements of Article 8306, Section 12b, Paragraph 3, V.A.C.S.

This motion was overruled and properly so by the Trial Court.

The evidence is that of a new hernia.

A picture of the abdomen was introduced and exhibited to the jury and such picture shows the location of an old hernia scar and the location of the hernia scar upon which this claim is based.

Then too, as has been hereinabove stated, Dr. Enloe examined appellee, before appellee went to work and pronounced appellee to be sound and able to work.

Appellee testified as to an operation for hernia in 1953 while in the Army which he said was successful and that his general physical condition was good, and of the accident on April 27, 1960, in which he was engaged in moving heavy materials in a wheelbarrow and at that time the wheelbarrow turned over, and that he was injured, feeling a sharp pain in his stomach, but continued to work through the day, and on the following morning he noticed a swelling in his stomach, but went back to work, and continued for several days, with the pain bothering him, and would hurt and finally was taken by the plant superintendent to Dr. Enloe, who sent him to the hospital and operated on him later on.

■ The jury in answer to Special Issue No. 5 found that appellee received an injury which resulted in a hernia, and that such appeared immediately following the injury, and was accompanied by pain, and the record supports the verdict.

■ We believe that the evidence established that appellee was damaged by reason of the release, because he was not able to go back to work following the operation, within four weeks, and in fact had not been able to work in December, 1961. Texas Employers' Insurance Association v. Maynard, supra.

The judgment of the Trial Court is affirmed.

Affirmed.