TEXAS EMPLOYERS' INSURANCE AS-SOCIATION, Appellant,

v.

James W. SPRABERY, Appellee.

No. 17484.

Court of Civil Appeals of Texas, Fort Worth.

March 15, 1974.

Nelson, Sherrod, Carter & Oldham and Stan Carter, Wichita Falls, for appellant.

Kearby Peery, Wichita Falls, for appellee.

## OPINION

BREWSTER, Justice.

This is an appeal by Texas Employers' Insurance Association from an order overruling its plea of privilege to be sued in its domicile, Dallas County.

The suit was brought by James W. Sprabery against the appellant seeking to set aside a compromise settlement agreement that he had made with appellant of his claim for Workmen's Compensation Insurance.

This is not an appeal from a ruling of the Industrial Accident Board. The venue of that type suit is fixed by the Workmen's Compensation Law itself.

This suit is an original action brought in a District Court in Wichita County seeking to set aside a settlement agreement that was allegedly procured by fraud.

The appellee seeks to uphold the trial court's ruling on two grounds, namely: (1) Defendant was a private corporation and the cause of action arose in Wichita County, Texas (Subdivision 23, Art. 1995,

Vernon's Ann.Civ.St.), and (2) because the pleadings and evidence showed that the fraud sued on occurred in Wichita County, Texas (Subdivision 7, Art. 1995, V.A.C.S.).

The law is settled that a suit against Texas Employers' Insurance Association cannot be maintained in a county other than the county of its domicile, Dallas County, under Art. 1995, Subdivision 23. That subdivision provides an exception to the general venue statute in instances where the suit is brought against a private corporation.

The appellant, Texas Employers' Insurance Association, was created by the Legislature when it enacted Art. 8308, V.A.C.S. It was an agency that was created for the purpose of aiding in the administration of the Workmen's Compensation Law. It is not a private corporation.

This Court will take judicial notice of this statute and of the purposes for which it was enacted. See 23 Tex.Jur.2d, Evidence, Sec. 11, p. 29.

The Court was speaking of the appellant here in the case of Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S.W. 556 (1916) wherein it said the following: *"The insurance association created by the Act is not a private corporation,* and this part of the Act is not violative of the Constitution in its provision that no private corporation shall be formed except by general laws. Some such agency as the insurance association may be deemed as essential to the efficient execution of the Act. It was a way of giving effect to the plan as a dependable method of providing the funds necessary for the payment to employees of the compensation the Act is designed to afford. The association is very clearly only an agency for the proper administration of this law. It has no functions or powers which it may exercise for any other purpose. It is denominated in the Act as a corporation, but that may be regarded as a term of convenience. Calling it a corporation does not make it a pri-

vate corporation. Its character is to be determined by what it is, and not by its name." (Emphasis ours.)

In Texas Employers' Ins. Ass'n v. Collier, 77 S.W.2d 878 (Eastland Civ.App., 1934, no writ hist.), the court held that Texas Employers' Insurance Association is not a private corporation; and that it is a public or quasi public corporation. That Court also held that because Texas Employers' Insurance Association is not a private corporation, venue of a suit against it cannot be kept in a court in a county other than the county of its domicile under Subdivision 23, Art. 1995, V.A.C.S.

Because Texas Employers' Insurance Association is not a private corporation we hold that this suit was not maintainable against it in Wichita County under Subdivision 23 of Art. 1995, V.A.C.S., as is contended for by appellee.

Appellee is contending, under his second numbered contention that we list above, that he had a right to maintain venue of this suit in Wichita County under the provisions of Subdivision 7 of Art. 1995, V.A.C.S.

We agree with that contention and affirm the case.

Subdivision 7 provides: "In all cases of fraud . . . suit may be brought in the county where the fraud was committed . . . ."

Appellee alleged in substance that he sustained an injury on the job while working for his employer and that appellant, who was the insurance carrier, did, through its employee, refer the appellee to a Dr. Thomas in Amarillo, Texas; that he went to Dr. Thomas for examination and treatment and this Dr. Thomas and this appellant, through another of its employees, did represent to plaintiff that he would have no permanent disability and he would be able to return to his usual job; and that these representations were false; they were relied on by plaintiff and he was thereby caused to execute the property set-

tlement agreement, settling his claim for Workmen's Compensation for $6,500.00, plus $5,782.00 that he had already been paid.

At the venue hearing it was proved that appellant, in response to a request for admission of facts, admitted the following facts: (1) that on April 15, 1970, appellee was working for his employer; (2) on that date he was injured while working in his employment for his employer; (3) that appellant here was the Workmen's Compensation insurance carrier at the time for his employer; (4) that appellant's employees referred appellee to a Dr. Thomas in Amarillo, Texas, for treatment and examination; (5) that appellant agreed to and did pay Dr. Thomas for this service; (6) that on July 28, 1972, appellant had an employee named Kenneth Burdick; (7) that on that date Burdick had authority to settle appellee's claim on behalf of appellant; (8) that on August 25, 1972, the Industrial Accident Board did approve the settlement agreement entered into by the parties settling appellee's claim for $6,500.00 cash and the $5,782.00 already paid him.

Appellee testified in substance that appellant's employees sent him to Dr. Thomas in Amarillo and this doctor operated on his back; he later returned to Wichita Falls; while in Wichita Falls he talked to Dr. Thomas, who was in Amarillo, and Dr. Thomas advised him over the telephone that he would be able to go back to his regular employment. He further testified that he later contacted appellant's adjuster, Kenneth Burdick; that he signed the compromise settlement agreement of July 28, 1972; that before signing it he talked to Burdick about what Dr. Thomas had said about his condition; Burdick told appellee that Dr. Thomas said he could go back to work.

Appellee also testified that he relied on Dr. Thomas' statement to him and on the statement of Burdick made in Wichita Falls, to the effect that Dr. Thomas told him he would be able to go back to work.

He testified that in reliance on these statements he settled the claim.

There was evidence offered from which the court could have concluded that appellee could have recovered more for his claim than the amount it was settled for.

■ At the plea of privilege hearing, in order to prove his right to keep venue of the case in Wichita County, it was necessary that appellee prove, prima facie, a cause of action for fraud committed in the county of suit. 60 Tex.Jur.2d, Venue, Sec. 218, p. 103; and Reese v. Phillips, 233 S. W.2d 588 (El Paso Civ.App., 1950, no writ hist.). He had to establish all the elements of actionable fraud.

We hold that appellee met that burden in this case.

■ The essential elements of actionable fraud are: (1) a false representation of a material fact; (2) reliance thereon by one entitled to rely on it; and (3) resultant injury. First State Bank v. Von Boeckmann-Jones Co., 359 S.W.2d 171 (Austin Civ.App., 1962, no writ hist.).

There was evidence offered from which the trial court could have concluded that Dr. Thomas' statement to the effect that appellee could return to work was untrue.

Dr. Thomas made the statement while he was in Amarillo, during a telephone conversation he was then having with appellee, who, at the time, was in Wichita Falls, Wichita County, Texas. The misrepresentation was thus made to or communicated to appellee while he was in Witchita County.

The cases hold that a misrepresentation made by a doctor, under those circumstances, was in law a fraud committed in Wichita County within the meaning of Subdivision 7, Art. 1995, V.A.C.S. First State Bank v. Von Boeckmann-Jones Co., supra, and Hayter v. Hudgens, 236 S.W. 232 (Texarkana Civ.App., 1921, no writ hist.).

■ It is not an essential element of a cause of action for fraud that the party charged with the fraud must know the falsity of the, representation in question. Graves v. Hartford Accident & Indemnity Co., 138 Tex. 589, 161 S.W.2d 464 (Tex. Com.App., 1942) and Texas State Highway Department v. Kinsler, 230 S.W.2d 364 (Beaumont Civ.App., 1950,.writ ref.).

In response to a request for admissions, appellant admitted that appellee was sent to Dr. Thomas for treatment by appellant's employee and that it paid the bills.

■ It is the law in Texas that where a doctor, to whom the carrier has sent the injured employee for examination and treatment, makes to the employee an innocent misrepresentation as to the state of the employee's physical condition, and where such misrepresentation is relied upon by the employee to his detriment and he is thereby induced to settle his Workmen's Compensation claim, that such fraud by a doctor in that relationship to the parties is grounds for setting the settlement agreement aside. See Graves v. Hartford Accident & Indemnity Co., supra, and Texas State Highway Department v. Kinsler, supra.

Appellee also pleaded and offered proof at the hearing to the effect that appellant's claim adjuster, Burdick, used Dr. Thomas' statement that appellee would be able to return to work in order to effect the compromise settlement agreement; there was evidence from which the court could find that Dr. Thomas' statement was false, even though innocently made; that the settlement agreement was made on the basis of such statement and that it was relied upon by appellee in settling the claim to his damage. This was pleaded as a fraud committed in Wichita County.

■ Dr. Thomas' misrepresentation, even though innocently made, which was used by the insurance adjuster to effect the settlement, was such as to constitute constructive or legal fraud that entitles appellee to set aside the settlement agreement. See Mackintosh v. Texas Employers Insurance Ass'n, 486 S.W.2d 148 (Dallas Civ.App., 1972, writ ref., n. r. e.). And where the Doctor's statement was communicated to appellee in Wichita County by Burdick, the adjuster, and where it was shown to have been relied upon by appellee in Wichita County, there was a sufficient showing of fraud in Wichita County to keep venue of the case in Wichita County. Texas State Highway Department v. Kinsler, supra.

We have carefully considered each of the appellant's 19 points of error. None of them present reversible error and they are each hereby overruled. The appellee was entitled to keep venue of this case in Wichita County under Subdivision 7, Art. 1995, V.A.C.S.

Affirmed.