**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellant,**

v.

**Jimmie A. FLETCHER, Appellee.**

No. 7354.

Court of Civil Appeals of Texas.

Texarkana.

March 27, 1962.

Rehearing Denied April 24, 1962.

Atchley, Russell & Hutchinson, Texarkana, for appellant.

Jones, Brian & Jones, Marshall, for appellee.

DAVIS, Justice.

This is a suit to set aside a compromise settlement agreement by and between the appellee, Jimmie A. Fletcher, and the appellant, Texas Employers' Insurance Association, for workmen's compensation as the result of an injury that was received by the appellee on October 17, 1958. The settlement agreement was entered into on December 1, 1959, and was approved by the Industrial Accident Board on December 8, 1959. The appellee agreed to settle his claim for $1005.00, plus 58 weeks of compensation that had been paid to him at $35.00 per week, and medical expenses. The appellant issued to the appellee a check for $1005.00. The check was marked "Void if not presented within 15 days from the

date of issue". The appellee did not cash this check and tendered it with his pleadings, for cancellation.

As a basis for his action, appellee alleged that the workmen's compensation compromise settlement agreement was procured because of the false representation of the appellant's claim agent to the effect that the appellee had suffered only a 20% disability of his right leg as a result of the fracture thereof. The case was tried before a jury. The jury answered all the special issues in favor of the appellee. Judgment was entered setting aside the compromise settlement agreement. The appellant has perfected its appeal.

By its Point 1 (i) appellant complains that the trial court was in error in overruling appellant's objections and exceptions to special issues Nos. 1 and 2 of the court's charge; and, in overruling appellant's motion for judgment notwithstanding the verdict. The appellant's objection and exception to the court's charge are not found in the record. They are set out in the appellant's amended motion for new trial, and we will consider the point. The transcript could be amended and the objection and exception brought forward.

By its Point 1 (ii) appellant complains of the action of the trial court to the effect that there is no finding of fact that the appellee suffered any injury as a result of the representations forming the basis of his action to set aside the agreement.

It seems that the appellant takes the position that the representations of its claim agent were expressions of an opinion and not actionable. If such were true, the appellant would have been entitled to an instructed verdict. This case has already been before this court on the question of venue. Texas Employers' Insurance Association v. Fletcher, Tex.Civ.App., 339 S.W.2d 542, n. w. h. The evidence on the venue trial, as well as on the present trial, is identical, insofar as the points are concerned.

The evidence shows that the appellee signed the settlement agreement as a result of the statements made to him by the claim agent of the appellant. We suggest the reading of the venue case cited in 339 S.W.2d 542. In view of our holding in that case, the appellant's points 1 (i) and 1 (ii) are overruled.

By his Point 2, appellant takes issue with the judgment of the trial court to the admission of certain testimony of Dr. James E. Ball. There was testimony dealing with appellee's disability. No one contended that he had gotten worse after the settlement agreement had been signed. It was agreed that his bony injury was fully healed at the time of the settlement. The question, therefore, was to residual disability. Dr. George M. Hoover, the orthopedic surgeon who treated the appellee, testified in the case that he only had 20% disability to the right leg. Dr. H. O. Phillips, witness for the appellant, expressed only the opinion that at one time he thought that the appellee was ready to go to work, which the appellee refused to do. There is no estimate of disability from Dr. Phillips' testimony.

 Dr. Ball testified that appellee had at least a 50% permanent partial disability. From a close look at his testimony, it is susceptible to a construction that the appellee could never get and keep a job requiring use of his body in manual labor. From his testimony, we think the construction of total and permanent disability exists. Traders and General Insurance Company v. Porter, Tex.Civ.App., 124 S.W.2d 900, err. ref. The testimony of appellee, his wife, and a grandson, would justify a finding of total permanent disability. A jury can find total and permanent disability from the testimony of the parties, not doctors. The jury found from all the evidence that the estimate of 20% disability to his leg was false. The point of error seems to be without merit. The examination by Dr. Ball was made prior to the time the suit was filed. The evidence was competent because it was testimony of a physician as to the

complaints of the party during the course of an examination for the purpose of prescribing treatment. Texas General Indemnity Company v. McNeill, 261 S.W.2d 378, n. w. h.; Texas Employers' Insurance Association v. Hale, Tex.Civ.App., 242 S.W.2d 796, n. w. h.; Texas Employers' Insurance Association v. Wells, Tex.Civ.App., 207 S.W.2d 693, err. ref., n. r. e.; III Wigmore on Evidence, 3d Ed., Sec. 688; McCormick & Ray, 2d Ed., Vol. 1, Sec. 835; 51 A.L.R. 2d 1051, Anno.; 67 A.L.R. 10, Supplemented 80 A.L.R. 1527 and 130 A.L.R. 977; Coca-Cola Bottling Co. v. Krueger, Tex. Civ.App., 239 S.W.2d 669, n. w. h.

The exclusion of such evidence would have been error. Port Terminal Railroad Ass'n v. Ross, 155 Tex. 447, 289 S.W.2d 220; American General Insurance Company v. Barrett, Tex.Civ.App., 300 S.W.2d 358, err. ref., n. r. e.; Verhalen v. Nash, Tex.Civ.App., 330 S.W.2d 676, err. ref., n. r. e.; English v. Hegi, Tex.Civ.App., 337 S.W.2d 860-862, n. w. h. The point is overruled.

There being no error in the record, the judgment of the trial court is affirmed.