**EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY, Appellant,**

v.

**D. K. STROTHER, Appellee.**

No. 4017.

Court of Civil Appeals of Texas.

Waco.

May 24, 1962.

Rehearing Denied June 21, 1962.

Riley, Jones, Boyd, Westbrook & Lovelace, O. F. Jones, III, Waco, for appellant.

Bradley & Geren, Groesbeck, for appellee.

McDONALD, Chief Justice.

This is a venue case involving Subdivision 7, Article 1995 Vernon's Ann.Tex.Civ. St., and is the second appeal of the case. See: 347 S.W.2d 957. Plaintiff Strother sued in Limestone County to set aside a settlement of a claim for workmen's compensation made with his employer's compensation carrier, Employers Mutual Liability Insurance Company. Defendant filed a plea of privilege to be sued in Dallas County. Plaintiff controverted, invoking the exception of Sec. 7, Article 1995 V.A.T.S., on the ground that the insured procured the settlement by fraud committed in Limestone County, where the suit was brought.

Trial was before the Court without a jury, which, after hearing, overruled defendant's plea of privilege.

Defendant appeals, contending the Trial Court erred because: 1) there was no evidence that an injury to plaintiff's foot on or about 4 February 1960 caused the amputation of his foot on 1 July 1960; 2) there was no evidence or insufficient evidence that a fraud was committed by appellant in Limestone County within the meaning of Sec. 7, Art. 1995.

Plaintiff alleges and the record reflects that he was employed by Mexia Textile Mills in Mexia and that on or about 4 February 1960, a machine tore up and one of the arms of a gyrater caught his right leg and mashed his ankle; that he was treated by Dr. Edgar of Mexia; got no better and went to Dr. Hipps in Waco; Dr. Hipps examined and X-rayed him. Thereafter on 5 May 1960 Mr. Ed Bennett, an employee of defendant came to plaintiff's house in Mexia and told him that Dr. Hipps had stated that plaintiff did not have an insurance case and plaintiff believed and relied thereon and settled his case for $620; that soon thereafter plaintiff began to have more trouble with his leg and foot and he went to Dr. Brindley in Temple on 1 June 1960; that Dr. Brindley treated him during June, and on 1 July 1960 amputated his right leg 7 inches below the knee. Plaintiff alleges he is permanently and totally disabled; that he relied on and believed the statements of Mr. Bennett and Dr. Hipps that his case was not an insurance case and would not have settled but for same; and further had he known he was going to lose his leg he would not have entered into the settlement.

The record further reflects that plaintiff contracted syphilis in 1936; and had a condition known as "Charcots joint"; and that Dr. Brindley told him "about the syphilis causing his condition," and "causing the leg to have to be amputated." The foregoing is evidentiary only. See Hood v. Texas Indemnity, 146 Tex. 522, 209 S.W. 2d 345.

The Trial Court impliedly found that the amputation of the leg was due to the injury.

Any ultimate fact may be proven by circumstantial as well as by direct evidence. The trier of fact is the judge of the facts and circumstances proven, and may also draw reasonable inferences and deductions from the evidence adduced. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273.

Here, the record reflects that plaintiff had his leg and foot mashed by machinery on 4 February 1960; was treated by doctors; got no better and finally had his leg amputated on 1 July 1960. *He had been working and had had no trouble with his right ankle and foot prior to his injury on 4 February 1960; since his injury he had continuous trouble with the ankle and foot.* Plaintiff was shown to have contracted syphilis in 1936; and to have a "Charcots joint" condition; and Dr. Brindley told plaintiff the syphilis caused the amputation.

There is no direct evidence that the amputation of the leg was made necessary by the injury on 4 February 1960, but under the record recited it is a reasonable and legitimate inference. See Texas State Hwy. Dept. v. Kinsler, W/E Ref., Tex.Civ.App., 230 S.W.2d 364; Texas Emp. Ins. Ass'n v. Fletcher, (n. w. h.) Tex.Civ.App., 339 S. W.2d 542.

While the question may not be free from doubt, we think that for purposes of the venue hearing, the trial court's implied finding, that the injury caused the amputation, is supported by ample evidence.

The Trial Court further impliedly found that Dr. Hipps was the defendant insurance carrier's doctor, as distinguished from a voluntarily selected doctor of the plaintiff. In the previous case we reversed and remanded, holding the evidence insufficient to sustain the Trial Court's finding that he was the insurance carrier's doctor. In the instant case the record reflects that Dr. Hipps sent the report to the Company, and did not send a copy of the report to plaintiff; that defendant paid Dr. Hipps; *and Dr. Hipps testified that he was treating plaintiff as a patient for the defendant In-*

*surance Company.* We think the foregoing ample to sustain the Trial Court's finding that Dr. Hipps was the defendant's doctor.

Defendant's points and contentions are overruled and the judgment of the Trial Court is Affirmed.

WILSON, J., dissents.