**INSURANCE COMPANY OF NORTH AMERICA, Appellant,**

**v.**

**Howard MYERS et al., Appellee.**

**No. 7696.**

Court of Civil Appeals of Texas.

Texarkana.

Feb. 8, 1966.

Rehearing Denied March 8, 1966.

John Smith, Roberts & Smith, Longview, for appellant.

Scott Baldwin, Jones, Jones & Baldwin, Wm. Huffman, Smith, Hall & Huffman, Marshall, for appellee.

DAVIS, Justice.

A workman's compensation case. Plaintiff-appellee, Howard Myers, individually

and as next friend of Elaine Myers and Jean Myers, minors, sued defendant-appellant, Insurance Company of North America, for benefits under the Workman's Compensation Law of Texas because of the death of Jimmie L. Myers, wife of appellee and the mother of Elaine Myers and Jean Myers, minors. Mrs. Myers suffered a severe injury to her neck and head on July 1, 1963, while in the course and scope of her employment with Blue Buckle Overall Company in Marshall, Texas. Appellee contended that the injury caused an aggravation and/or extension of an existing condition, a brain tumor, and the brain tumor subsequently caused the death of Mrs. Myers.

For several years prior to the injury, Mrs. Myers had worked steady for the Blue Buckle Overall Company except for two brief durations. At the time she received the injury, she appeared to be in good health. From the date of the injury to the date of her death, her health steadily deteriorated on a downhill course. She had to quit her job. She was placed in a hospital and put in traction. Shortly after she was released from the hospital she was sent to Longview to see a doctor. Thereafter, she was sent to Shreveport and to Galveston.

The case was tried to a jury, and only two special issues were submitted. The issues and the jury's answers thereto read as follows:

"SPECIAL ISSUE NO. 1:

"Do you find from a preponderance of the evidence that the injury to Mrs. *Meyers* on July 1st, 1963, was a producing cause of her death on May 21st, 1964?

ANSWER: Yes

SPECIAL ISSUE NO. 2:

Do you find from a preponderance of the evidence that the death of Jimmie Lee Myers was not solely caused by the malignant brain cancer, if any, independent and disassociated from the in-

jury sustained by her on or about the 1st day of July, 1963?

ANSWER: It was not solely caused by the malignant brain cancer."

Appellee took the position throughout the trial that Mrs. Myers suffered from a pre-existing tumor which was in an inactive or dormant state, which allowed her to work regularly. According to the evidence, she had always carried on her household duties for many years prior to the date of the injury and up until the time thereof. The injury to her neck and head triggered or incited this tumor by growth and constituted one of the causes of her death.

The evidence shows these facts to have existed and they are uncontradicted. Appellee takes the position that this tumor was aggravated into growth as a cancer and was one of the producing causes of the death of Mrs. Myers. Judgment was entered in favor of appellee. Appellant has perfected its appeal and brings forward 17 points of error.

By its points 1 through 10, appellant says the trial court erred in entering judgment against it because there was no evidence, insufficient evidence, and the answer of the jury is contrary to the great weight and preponderance of the evidence; and, the court erred in overruling its motion for an instructed verdict. Mrs. Myers received the injury on July 1, 1963. Dr. Littlejohn was the first doctor to see her after the injury. He testified that she had received a severe cervical strain, or whiplash injury. He testified that the injury caused muscle spasms and severe pain. He put her in the hospital and put her in traction. He gave her muscle relaxants, analgesics (medicine for pain), and physical therapy. The history of this injury was given to all the other doctors. Dr. Dieste treated her from the month of January, 1964, until she passed away on May 21, 1964. He testified that the injury in all probability could have aggravated the inactive brain tumor and contributed to cause

934

her death. The evidence is sufficient to support the jury finding. Traders & General Ins. Co. v. Turner, (CCA 1941) 149 S.W. 2d 593, Er. Dis. Judg. Cor.; Hood v. Texas Indemnity Ins. Co. (1948) 146 Tex. 522, 209 S.W.2d 345; American General Ins. Co. v. Barrett (CCA 1957) 300 S.W.2d 358, W.R., N.R.E.; Texas Employers' Insurance Ass'n. v. Fletcher, (CCA 1962) 356 S.W.2d 359, N.R.E; Lyles v. Texas Employers Insurance Ass'n. (CCA 1963), 365 S.W.2d 819, N.R.E; Travelers Ins. Co. v. Fagan (CCA 1963) 366 S.W.2d 885, N.R.E.; Travelers Insurance Co. v. Booker (CCA 1963) 368 S.W.2d 54, N.R.E.; Kennelley, et al. v. Travelers Insurance Co. (5th Cir. App.1960), 273 F.2d 479. The jury's answer to this issue is binding on this court. Kimbell v. Noel (CCA 1950), 228 S.W.2d 980, W.R., N.R.E. The points are overruled.

■ By their points 12, 13 and 14, appellant says the trial court erred in overruling his objections to certain oral argument that was made by the attorney for appellee before the jury. First, we will say that the record is not clear as to the objections that were made by the attorney for appellant, or the trial court's ruling thereon. There are no bills of exceptions to the argument and no proof was offered on the motion for new trial to show that the jury answered the issues as the result of the argument made. It is the duty of a lawyer in the trial court to argue the facts in a case, or a reasonable deduction therefrom, to try to give the jury some idea of how they should answer the special issues. The argument in this case seemed to be along that line. It was not near as rough as the argument in the case of Whitener v. Traders and General Insurance Company (1956), 155 Tex. 461, 289 S.W.2d 233, wherein the attorney for Whitener said:

" 'One of the doctors got on the stand and said it was evolutional melancolia. "What is that doctor?" "Oh, that is the middle age, that is the change of life. Like a woman, the middle age change of life". Another doctor, "What is his trouble, Dr. Wilcox?" "Old age, it is old age." I was expecting that maybe Dr. Wolfe would come in here and say in this case of Mr. Whitener's maybe he ought to have his unnecessary female organs removed, and let us hear it. Talk about inconsistencies.' "

■ There were other objections to the argument, but the Supreme Court of Texas held that all the errors were not calculated to cause or probably did cause the rendition of an improper judgment. It is necessary to make objections to the argument, and whether the argument is calculated to prejudice the rights of the adverse party is a question of law. The trial court's ruling in this respect are subject to review. The trial court's determination will not be disturbed unless it is clearly shown that he abused his discretion. 56 Tex.Jur.2d 672, Sec. 316. As to the effect of improper argument, see 56 Tex.Jur.2d 674, Secs. 318 and 319. See, also, Condra Funeral Home v. Rollin (1958) 158 Tex. 478, 314 S.W.2d 277. The points are overruled.

We have carefully reviewed appellant's points 11, 15, 16 and 17, and find them to be without any merit and they are overruled. We will say this, however, that the points relate to the injury of Mrs. Myers. Apparently all parties agree that she was injured while in the course of her employment, because the trial court did not submit an issue thereon.

Finding no error in the record, the judgment of the trial court is affirmed.