**CITY OF CORPUS CHRISTI, Appellant,**

**v.**

**Anastazie S. NEMEC, Appellee.**

**No. 197.**

Court of Civil Appeals of Texas.

Corpus Christi.

June 16, 1966.

Rehearing Denied July 11, 1966.

I. M. Singer, City Atty., Robert E. Young, Asst. City Atty., Corpus Christi, for appellant.

C. Edwin Prichard, Jr., Corpus Christi, for appellee.

## OPINION

GREEN, Chief Justice.

This is a condemnation suit, wherein the appellant City of Corpus Christi is taking in fee a 5.708 acre strip of land out of a 160 acre tract owned by appellee for construction of a drainage facility to drain lands in and near the southwest area of the city. In the trial in the county court, appellee stipulated that appellant had the right to condemn, that all legal prerequisites had been complied with, and that the only issues to be tried were the value of the land taken and the damages to the remainder of the tract. The jury, answering special issues, found (1) that the market value of the strip taken at the time of the taking was $8,600.00; (2) that the market value of the property before the taking, excluding the 5.708 acres, was $231,400.00; (3) that the market value of such remainder after the taking was $202,894.00. The difference in the before and after taking being $28,506.00, this plus $8,600.00 value of the property taken, a total of $37,106.00, was the amount of appellee's recovery. Since appellant had deposited in court the amount of the special commissioners award, $8,-

400.00, which appellees withdrew, judgment was rendered against appellant for $28,626.00, plus an item of $21.20 interest.

The property of appellee adjoined the land involved in the case of City of Corpus Christi v. Polasek, Jr., this day decided by this court, 404 S.W.2d 826, the Polasek land lying to the northeast of the Nemec property, and the drainage facility in both instances is the same. As the ditch leaves Nemec, it enters the strip condemned of Polasek, and the evidence in both cases involving the effects of this facility on the market value of the property after the taking is very similar.

In the trial, E. Charles Lewis was placed on the stand by appellee, and W. A. Roberts and Charles DeLomel by the appellant, as witnesses of market value of the property taken and of the remainder before and after the taking. Each of these witnesses were realtors and licensed real estate brokers of much experience in and about Corpus Christi, and each qualified as experts in the appraisal of land values in the area of appellee's land, and in the matter of subdivision development. Each agreed that the highest and best use of the property involved was to hold it for future subdivision development, and in the meanwhile farm it, and that while the income from farming would not justify the present market value of the property, it would help an investor to defray expenses while holding it until it could be devoted to its highest and best use.

By its first and twenty-second points, appellant alleges error in the trial court's action in overruling its objections to the special instructions accompanying Special Issue No. 3, inquiring of the value of the remainder after the taking. The point involves the same objection to the same instructions to the same special issue as was raised in City of Corpus Christi v. Polasek, supra, in appellant's tenth point. For the reasons there discussed, appellant's first point is overruled.

In points 2, 3, 4, and 5, appellant contends error (2) in the court granting appellee's motion in limine having reference to permissive use of crossings of the drainage right-of-way, and (3, 4, 5) withdrawing testimony by the witness Lewis on cross-examination concerning what the city might permit the landowner or purchaser of this property to do in the area of the condemned strip.

■ It is not reversible error for a trial court to sustain a motion in limine which requires a party to notify the court and adverse counsel out of the presence of the jury of his intention to offer certain evidence, so as to permit counsel to make his objection if he wishes in the jury's absence, such as the motion in question provided. Before a party can correctly claim error, he must offer his evidence, and secure an adverse ruling from the court. Hartford Accident and Indemnity Co. v. McCardell, Tex.Sup.Ct., 369 S.W.2d 331, 335; State v. Wheeler, Tex.Civ.App., 390 S.W.2d 339, writ ref. n. r. e.

■ Testimony of a special privilege which might be granted, refused, or if granted, revoked at the will of the condemnor, is not admissible as evidence to lessen the amount of the landowner's damages caused by the taking of a portion of his property. Creighton v. State, Tex.Civ. App., 366 S.W.2d 840, writ ref. n. r. e.; Hill v. State, Tex.Civ.App., 289 S.W.2d 801; Perkins v. State, Tex.Civ.App., 150 S.W. 2d 157, writ dism. The court did not err in withdrawing Lewis' testimony from the jury. Additionally, the statement of facts does not show any objection being made by appellant to the court telling the jury to disregard that portion of Lewis' evidence. (See court's instruction under Points 8 and 9 infra)

Points 2, 3, 4, and 5 are overruled.

■ By its points 10 to 17 inclusive, briefed together, appellant contends that the court erred in refusing to permit appellant to introduce evidence concerning

special benefits to the remainder of appellee's property as the result of the construction of the drainage. As shown by the points and the statement thereunder, appellant's complaint as briefed was to the action of the court in sustaining objections of appellee to plaintiff's exhibits identified as exhibits 4, 5, 8, and 9, and denying appellant the right to have its expert witness Graham testify concerning such exhibits to show special benefits offsetting damage to the remainder.

Voir dire examination of the witness by appellee showed that exhibit 4 was a plat by Graham showing a proposed way in which the remainder could be laid out after the taking, reflecting future use of the ditch and right-of-way for crossing of sewer lines, water lines, and other purposes. It appears that when this was first presented, the court overruled appellee's objection that since the city was not obligated to permit such use by a developer of this right-of-way, such evidence of a possible permissive crossing of an area to which a landowner had no matter of legal right was not admissible to show special benefits. Thereafter, the court granted appellee's motion in limine that before any testimony should be offered to show possible permissive use of the property condemned where such use was not a matter of right of the landowner, permission of the court, out of the hearing of the jury must be obtained. No further offer of exhibit 4 was made by appellant, and no further testimony from Graham as to such exhibit was attempted to be elicited.

Exhibit 5 was identified as an erosion control plan prepared by Graham in April 1965, months after the taking by appellant of the strip. Appellee's objection, sustained by the court, was to the effect that such a plan could not have affected the market value of the property on May 14, 1964, the day of the taking. Although the record shows that this exhibit was offered in evidence and excluded, the exhibit does not appear in the statement of facts or in any bill of exception. There is no bill explaining what appellant expected Graham to testify concerning this exhibit.

Exhibits 8 and 9, marked for identification, were both subject to the same objection that Exhibit 4, i. e., in order for one to do what was depicted on them, permission would have had to be secured from the city, which permission the city could have either granted or refused. After the court excluded the exhibits no bill of exceptions was taken as to what the witness would have testified, nor was such exhibit incorporated in a bill of exception and same does not appear in the statement of facts.

We find that the record does not reflect that the court erred in excluding the exhibits from evidence. Creighton v. State, supra; Hill v. State, supra; Perkins v. State, supra.

Furthermore, as stated in 3 Tex.Jur.2d, Appeal and Error, § 418, * * * exclusion of expert or opinion testimony: "The record must show the nature of the evidence admitted over objection, or, in the case of exclusion, the record must show the evidence sought to be introduced, and it must also negative the existence of other evidence on the subject." See, also Bell v. Bradshaw, Tex.Civ.App., 342 S.W.2d 185, 190; South Texas Electric Cooperative, Inc. v. Beutnagel, Tex.Civ.App., 388 S.W.2d 447, 452.

Points 10–17 inclusive are overruled.

■ We see no harmful error in the court overruling appellant's objection, which was that the testimony had no bearing on the issue of value, to Mrs. Nemec's answer, in response to her attorney's question whether any one prior to the condemnation had asked her about selling the property, that she had several calls, but always stated that it was not for sale. Rule 434, Texas Rules of Civil Procedure. Point No. 6 is overruled.

■ By points 7 and 21, appellant says that the court should have given in the charge its requested instruction that ap-

pellee Mrs. Nemec was a willing seller. These points are overruled. The court properly instructed the jury as to the meaning of market value in terms of a willing buyer and willing seller. It was not required to go further in that respect.

Point 8 concerns alleged error in the court overruling appellant's motion to strike testimony of witness Lewis concerning necessity of a bridge to be built over the drainage ditch, in that this would require permission or license by the city, and the court had ruled out all testimony of future permissive use. Point 9 alleges error in permitting testimony by Lewis concerning the cost and necessity of such bridge.

Witness Lewis testified that in developing the property for subdivision purposes, it would be necessary for the developer to get permission from the city to build a bridge across this ditch, and a subdivider would take this fact, and also the cost of such bridge, into consideration in buying this property after condemnation. Appellant's objection to the question "Do you have any idea what a bridge would cost a subdivider to put it across there" was as follows:

"* * * We object to further reference to the bridge crossing the ditch in that it hasn't been shown that there is a necessity for the bridge to cross the ditch. Further there is a bridge on both sides of the property, with a county road."

This objection, the only one made to this line of questioning, was overruled, and the witness testified that the cost of a bridge would be $32,000.00.

Since the admitted highest and best use of this property was to hold for future development purposes, any matter affecting such use was material. The trial court did not err in overruling the objection which was made.

Subsequently, while the appellant's witness Graham was on the stand, the question of the admissibility in evidence of any testimony of use which depended on future permission being granted by the city was argued before the court, and in ruling that any such evidence was not admissible, (Creighton v. State, supra), the court instructed the jury as follows:

N.1 "* * * You are instructed to disregard any testimony Mr. Lewis might have given concerning what the city might permit anybody to do, either this Defendant or a purchaser of this Defendant's property in the area of the strip which is being condemned for the drainage ditch. * * *"

Points 8 and 9 are overruled.

Points 18, 19, and 20 are (18) that there is no evidence to support the jury's answer to the third special issue, (19) that the verdict of the jury is against the great weight and preponderance of the evidence, and (20) that the verdict is excessive. Points 19 and 20 are indefinite, since there were three special issues submitted, and it is not stated which answer is attacked as being either against the great weight and preponderance of the evidence, or excessive. Sumners Road Boring, Inc. v. Thompson, Tex.Civ.App., 393 S.W.2d 690, 698, writ ref. n. r. e.

No criticism is made by appellant anywhere in its brief of the answer of the jury to special issue No. 1, finding the value of the 5.708 acres taken to be $8,600.00. In fact, this was the exact value placed on this portion by appellant's witness DeLomel. We find that the answers of the jury to the remaining two issues are supported by evidence, and by sufficient evidence, and are not against the great weight and preponderance of the evidence.

In our opinion in City of Corpus Christi v. Polasek, supra, this day handed down, we set out testimony concerning this ditch

N.1. Referred to in appellant's Points of Error 3 and 4.

and its effects on the value of the property it bisects for its highest and best use. Similar evidence was present in the present case. Appellee's witness Lewis testified that he was president of a real estate firm in Corpus Christi that employed eleven salesmen, had been in the real estate business eighteen years, and had held practically every known real estate appraiser designation. He described the property in detail; identified pictures and diagrams of it; described the farming operations before and after the taking; described the surrounding area; gave details of many comparable sales in the area; discussed many problems created in the property by the taking and use of the part taken; and concluded with an opinion as to value of the part taken of $8,562.00; or $1,500.00 per acre; of the value of the remainder before taking of $231,480.00, or $1,500.00 per acre; and of the remainder after taking of $185,200.00, or $1,200.00 per acre.

Appellant's witness DeLomel, also well qualified as a real estate appraiser in Corpus Christi, testified that in his opinion the remainder of the property before the taking had a market value of $222,800.00. In his opinion the value was not greatly reduced by reason of the condemnation, he fixing such damages at $4,050.00. Graham, an official of the city, and an equally qualified realtor and land appraiser, reached the conclusion that the value of the remainder before the taking was $154,290.00, or $1,000.00 per acre, and that its value was not decreased by reason of the taking of the strip for drainage purposes.

■ The market value of the property was an issue of fact, to be determined by the jury from the opinions of the expert witnesses, and from the other facts appearing in the evidence. The amounts found by the jury were well within the range of the testimony. We find no reason to disturb the jury's findings. South Texas Electric Cooperative Inc. v. Ermis, Tex. Civ.App., 396 S.W.2d 955; State v. Meyer, Tex.Civ.App., 391 S.W.2d 471, aff'd by

Tex.Sup.Ct., 403 S.W.2d 366; Housing Authority of City of Dallas v. Shambry, Tex.Civ.App., 252 S.W.2d 963, writ ref. n. r. e.; Reynolds v. State, Tex.Civ.App., 390 S.W.2d 493. Points 18, 19, and 20 are overruled.

We find no reversible error in the record.

Judgment affirmed.